## JEWETT vs. BENNETT.

The law providing for filing transcripts of Justices' judgments in the Clerk's Office in certain cases, (*R. S.* 402, § 102,) requiring the Justice upon proper demand to give the party applying *a certified transcript of the judgment, and of the proceedings in the case so far as they appear upon the docket,* and whereby upon filing the transcript, the judgment becomes in effect that of a Court of Record, inasmuch as it provides for an entirely *ex parte* proceeding, and is followed by such unusual consequences, must be strictly complied with by the party seeking the benefit of its provisions. Therefore, when the transcript filed was authenticated by a certificate in this form, "I hereby certify that the above is a true transcript of the above judgment and of the *subsequent proceedings thereon,*" *held,* insufficient to authorize the filing of the transcript, and docketing the judgment in the Clerk's Office.

Error to Livingston Circuit.

Ejectment brought to recover certain premises described in the declaration, which was in the usual form. Plea general issue, and the cause was tried at June term, 1853. On the trial plaintiff's counsel introduced the book kept by the Clerk of the Circuit Court for the County of Livingston for the entry and docketing of judgments upon filing transcripts of justices' judgments, and offered to read in evidence to the jury the records of two judgments therein in favor of the plaintiff, upon which executions had been issued, and the premises sought to be recovered sold by virtue thereof, and the usual sheriff's deed delivered to the plaintiff. The defendant's counsel objected to the introduction of the records, on the ground that they did not show a duly certified transcript of the judgments and the proceedings in the cases so far as they appeared upon the docket. The objection was sustained by the Circuit Judge, and to this ruling the plaintiff excepted. The book kept for docketing judgments rendered by Justices of the Peace showed that on the 4th of Jan., 1850, the plaintiff filed in the office a transcript authenticated by the following certificate: "I hereby certify that the above is a true transcript of the above judgment and of the subsequent proceedings thereon."

Several questions as to the form of Justices' judgments were raised at the trial and decided, and to the ruling of the Court thereon exceptions filed; but as the case was disposed of upon the question of the sufficiency of the certificate, these several points were not reviewed by this Court.

*Colman & Root*, for plaintiff.

*William A. Clark*, for defendant.

By the Court, MARTIN, J.

Several interesting and important questions arise in this case, from the consideration of which we are debarred, by the view we take of the instrument called a Transcript of Judgment. By the provisions of our Revised Statutes, Chap. 93, of Courts held by Justices of the Peace, and the amendments thereto, it is enacted that "whenever an execution shall be returned unsatisfied in whole or in part, it shall be the duty of a Justice of the Peace, having control of such judgment, for twenty dollars or over, exclusive of costs, on the demand of any person in whose favor the same shall have been rendered, or his attorney, *to give a certified transcript of such judgment, and of the proceedings in the case, so far as they appear upon the docket*, &c., and that it shall be the duty of the Clerk of the Circuit Court for the county in which such judgment shall have been rendered, to file such transcript, &c., in his office, when requested, and to enter and docket the judgment in a book to be kept by him for that purpose, noting therein the time of receiving it; and further, that such judgment shall have the same effect as a judgment rendered in the Circuit Court, and may be in the same manner enforced, discharged, and cancelled, &c. See R. S., p. 402, §§ 102, 103, 104, and Sess. Laws of 1847, p. 170. It will be observed that a transcript properly certified, filed and docketed, renders the judgment thus transcribed and

certified, a judgment of a Court of Record, from the time of such filing and docketing; thus changing in some degree its nature, and very materially the rights, powers and liabilities of parties to it. This is not brought about by the action of one Court upon the other, but by the direct act, and upon the mere motion of the plaintiff in the judgment; upon his demand, it is made the duty of the Justice to furnish *to him* a certified transcript, &c.; and it is also made the duty of the Clerk of the Circuit Court to file and docket such transcript *when requested.* Under such entirely *ex parte* proceedings, to be followed by such unusual consequences, justice and the protection of parties, as well as law, require a strict compliance with the provisions of the statute, before they can be made available to remove the judgment, convert it into a judgment of the Circuit Court, and throw about it the sanctions, and attach to it the remedies of a Court of general jurisdiction.

From the record it appears that in the present case, the book kept by the Clerk of the Circuit Court for the County of Livingston, for the entry and docketing of judgments rendered by Justices of the Peace, upon filing of transcripts, was produced and offered in evidence, to prove a judgment entered therein; and such docket shows that on the 4th day of January, 1850, this plaintiff and Sherman S. Jewett, filed in the office of such Clerk a transcript, authenticated by the following certificate : "I hereby certify that the above is a true transcript of the above judgment, and of the subsequent proceedings thereon.

   "John L. Tuttle, Justice of the Peace."

This certificate was insufficient to authorize the plaintiffs to *request* the transcript to be filed and docketed, or the Clerk to file and docket it, and of course such judgment never became a judgment of such Circuit Court. It only shows that it is a true transcript of itself, which may all be true, and yet no corresponding judgment to be found upon

any Justice's docket in Livingston county. Nor does it show that it is a transcript of the proceedings of any case, so far as they appear upon any docket.

Now, the statute makes it the duty of the Justice to certify both such judgment and proceedings, and is not satisfied by a certificate of proceedings "subsequent" to the judgment. Not only should the certificate conform to the requirements of law in this respect, but it should affirmatively show what judgment and proceedings it certifies, as well as where such judgment remains, or is to be found, so that it may appear from such certificate that such judgment and proceedings were transcribed from his docket, and the judgment was rendered by him—or in case it is a transcript of a judgment rendered by another Justice, of whose docket the certifying magistrate has the custody—that it is a transcript of the judgment and proceedings from the docket of such other Justice, then in his custody.

The judgment of the Court below must be affirmed, with costs, to the defendant.