JAMES O'BRIEN v. JOHN O'BRIEN AND CHARLES E. BEURMANN.

*Executions on transcripts of justices' judgments.*

Execution issued from the circuit court on a transcript of a justice's judgment in a suit begun by summons, is invalid if the transcript was filed in the circuit court before the expiration of the five days allowed by Comp. L., § 5395, before execution may issue.

Proceedings in regard to transcripts of justices' judgments must conform strictly to statute.

Error to Livingston. Submitted Oct. 15. Decided Oct. 28.

TROVER. Plaintiff brings error.

*E. D. Lewis* and *Waddell & Montague* for plaintiff in error.

*A. D. Cruickshank* and *D. Shields* for defendants in error.

MARSTON, J. O'Brien brought an action of trover to recover the value of certain property. The defendant Beurmann justified as sheriff under an execution issued out of the circuit court upon a transcript filed therein, of a judgment rendered in justice's court in a cause wherein John O'Brien was plaintiff and James O'Brien was defendant. A number of questions were raised and brought here for review, but as a fatal error is met at the outset, which goes to the foundation of the entire defense, we need not examine further.

The suit in justice's court was by consent of parties set down for trial on June 13, 1878. On that day the parties appeared and proceeded to trial. After the evidence was all in, the justice's docket shows that he took four days, under the statute, to decide the matter, and on June 17th rendered judgment in favor of the plaintiff.

On the eighteenth day of June the plaintiff made and filed with the justice an affidavit for a transcript of the

judgment, which was made out June 19th, and filed in the circuit court on June 20th, and an execution issued thereon and forwarded to the sheriff on the same day. It was by virtue of this execution the sheriff seized the property in question.

The statute provides that whenever an execution may by law be issued upon any judgment rendered by a justice of the peace for twenty dollars or over, exclusive of costs, an affidavit may be made, and a transcript of the judgment and proceedings in the case made and filed in the circuit court. 2 Comp. L., §§ 5382, 5383.

In a case like the present, which was commenced by summons, execution shall issue at the expiration of five days from the rendering of the judgment. Id. § 5395. There are other sections which point how and in what cases an execution may be sooner issued, but this case does not come within any of them.

June 23d was the earliest period at which a transcript of the judgment could have been made and filed in the circuit. The whole proceeding in reference to transcripts is statutory, and must be strictly followed. The transcript when filed in the circuit was unauthorized, and no valid execution could be issued thereon, and the sheriff had no valid judgment under which he could justify in this case.

The judgment must therefore be reversed with costs, and a new trial ordered.

The other Justices concurred.