SARAH J. DOTY, ADMINISTRATRIX OF ESTATE OF DANIEL P. DOTY, DECEASED, v. CARLOS E. DEXTER.

*Justice's judgment—Transcript of—Affidavit for under How. Stat. sec. 6947, must be made by the party in whose favor judgment was rendered, or his attorney—His administrator cannot make same—Nor remove judgment to circuit court by transcript—Authority of such attorney to make said affidavit is revoked by death of client—Act 173, Laws of 1885, authorizes the party, his assignee, or the attorney of either of the parties to make such affidavit — Transcript of judgment for twenty dollars or under, exclusive of costs—May be forwarded by justice having control of judgment to justice in any other county—And docketed by him, and has same force as if rendered by such last-named justice—Section one of act seems to be incomplete—See note, p. 354.*

A justice's judgment cannot be removed by transcript to the circuit court under How. Stat. § 6947, *after* the death of the party in whose favor it was rendered, by his administrator. The affidavit is required to be made by such party or his attorney, is jurisdictional, and cannot be made by the administrator of his estate; nor can it by the attorney who acted for the deceased in obtaining such judgment, for *death terminates* the relation, and *revokes* the *authority* of the attorney.

Error to St. Joseph. (Joslin, J.) Argued April 29, 1886. Decided May 6, 1886.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. O. Pealer* and *B. E. Andrews*, for appellant :

How. Stat. §§ 6947–8–9, provide for the filing of a transcript of the justice's judgment in the circuit court, and the collection of same by execution ; and under How. Stat. § 5904, administrators are entitled to an execution on any judgment, and the method by transcript is *one* of the *ways* by which such execution may be had.

These statutory provisions together empowered the administrator to take the action he did in this case. As representative, he succeeded to every right the deceased possessed, and was entitled to all remedies to recover such rights that

the deceased had in his life-time : Chitty's Blackstone, Book 2, 510 (marg. pag.); 1 Parsons on Contracts (5th ed.) 130 ; Schouler on Ex. and Admr. 270 ; *Eisenbise v. Eisenbise,* 4 Watts, 134–6.

*Howell, Carr & Barnard,* for plaintiff :

The judgment became dormant upon the death of Fairbanks, and the right to issue execution thereon ceased. It could then only be enforced when revived by the administrator in his own name, and this could only be done by suing it over again.

If a plaintiff die *after* judgment and before execution, an action must be brought on the judgment *before* an execution can issue: 1 Green (N. J.) 193 ; *Johnson v. Parmely,* 17 Johns. 271 ; *Woodcock v. Bennet,* 1 Cowen, 738–741 ; Circuit Court Rule 100 ; 6 Md. 308–315 ; 13 Ala. 471.

An execution cannot issue in favor of a dead man : *Jay v. Martine,* 2 Duer (N. Y.) 654–5 ; *Thurston v. King,* 1 Abb. Pr. (N. Y.) 126–7 ; *Smith v. Britton,* 45 How. Pr. 428 ; *Wheeler v. Dakin,* 12 Id. 537 ; nor can a pending action proceed after the death of the plaintiff until his administrator has been substituted : How. Stat. §§ 7393–4 ; *Botsford v. Sweet,* 49 Mich. 120–2 ; and certainly after a judgment some proceeding must be had to establish the right of the administrator to collect it, before he can enforce its payment by execution.

Another question is presented in this connection, namely, the right of the administrator to take a transcript of the judgment, file it in the circuit court, and enforce its collection by execution. The right to take a transcript *in any case* is purely statutory, and cannot be extended or enlarged by implication : *Detroit v. Putnam,* 45 Mich. 263.

Our statute provides that the party in whose favor the judgment is rendered, or his attorney, may make the affidavit necessary to procure a transcript : How. Stat. § 6947 ; and this clearly requires the affidavit to be made by one having personal knowledge respecting the judgment. It certainly cannot be claimed that an administrator would have, nor does the statute confer upon him, any power to take this proceeding. It is limited to the party in whose favor the judgment was rendered, and the attorney who acted for him. Neither does the section providing for the filing of the transcript authorize the administrator to make the necessary affidavit.

The proceeding, being statutory and conferring new and

important rights upon the party obtaining the benefit of it, should be strictly construed: *Vickery v. Beir*, 16 Mich. 50–4.

Again, this proceeding is not in the nature of a reviver, and under the statute it can only be taken in those cases where an execution can issue; and we have seen that such is not the case where a judgment has become dormant by the death of the plaintiff. Some proceeding must be taken to revive it, and that must be one of an active nature, and of which the defendant has notice, and in which he has a right to be heard: *Thurston v. Prentiss*, 1 Mich. 193–200; *Brown v. Fifield*, 4 Id. 322; Potter's Dwarris on Statutes, p. 275, and note.

The administrator can take no power not expressly granted to him; he can assume none by implication, and when his acts are not clothed with the authority of the statute they are of no validity: *Sibley v. Smith*, 2 Mich. 490; *Atty. Gen. v. Bank*, Har. Ch. 315.

CHAMPLIN, J.  Section 6947[1] of Howell's Statutes provides:

"Whenever an execution may, by law, be issued upon any judgment rendered by a justice of the peace, for twenty dollars or over, exclusive of costs, the party in whose favor such judgment shall have been rendered, or his attorney, may make and deliver to the justice of the peace having the control of any such judgment an affidavit, setting forth, in substance, that the deponent knows, or has good reason to believe, and does believe, that there is not sufficient goods and chattels liable to execution to satisfy such judgment, within the county in which such judgment was rendered, belonging to any person or persons against whom such execution may issue; and thereupon it shall be the duty of the justice of the peace having the control of any such judgment, rendered by himself or any other justice, on the demand of any person in whose favor the same shall have been rendered, or his attorney, to give a certified transcript of such judgment, and of the proceedings in the case, so far as they appear upon the docket, together with the original security for stay of execution, if any such security shall have been given, and the ori-

---

[1] Act 173, Public Acts of 1885, p. 239, amends this section by authorizing the affidavits therein mentioned to be made by " the party in whose favor such judgment shall have been rendered, his *assignee*, or the attorney of *either* of the parties."

ginal affidavit required by the preceding provisions of this section."

The two succeeding sections provide that if the plaintiff, his agent or .attorney, shall make an affidavit stating the amount due upon such judgment, it shall be the duty of the clerk of the circuit court to file the transcript in his office when requested, and to enter and docket the judgment in a book to be kept for that purpose; and thereupon such judgment shall have the same effect as a judgment rendered in the circuit court, and may be enforced, discharged, and canceled, and execution may be issued thereon.

On the twentieth day of December, 1878, Eleazar K. Fairbanks brought suit before a justice of the peace against Daniel P. Doty, and recovered judgment, on the twenty-seventh day of December, 1878, for $99.50, and costs. No execution was ever issued by the justice to enforce the collection of this judgment.

On the nineteenth of November, 1882, Fairbanks died, and Harvey A. Wing was appointed administrator with the will annexed, and entered upon the execution of his trust. June 20, 1884, Wing made and filed with the justice an affidavit, of which the following is a copy:

"STATE OF MICHIGAN—IN JUSTICE COURT.

"*Eleazar K. Fairbanks, Plaintiff, v. Daniel P. Doty, Defendant.*

"Before Reason S. Pemberton, one of the justices of the peace in and for the county of Cass.

"Harvey A. Wing, being duly sworn, deposes and says that Eleazar K. Fairbanks, the above-named plaintiff, is now dead, and that he, the said Harvey A. Wing, has been duly appointed administrator with the will annexed of all and singular the goods and chattels of said Eleazar K. Fairbanks, deceased, and that he makes this affidavit as such administrator, and on behalf of said estate, being fully authorized so to do.

"That there is now due and remaining unpaid upon the judgment heretofore, on the twenty-seventh day of December, A. D. 1878, rendered in the above-entitled cause by the above-named justice, in favor of the plaintiff above named,

and against the above-named defendant, the sum of one hun-dred fifty-three and 89-100 dollars, exclusive of costs, and that execution may now be issued upon said judgment for the collection thereof; and defendant further says that he has good reason to believe, and does believe, that there is not sufficient goods and chattels liable to execution to satisfy said judgment within the county of Cass, where said judg-ment was rendered, belonging to the said Daniel P. Doty, or to any other person or persons against whom such execution may issue.

"HARVEY A. WING.

"Sworn and subscribed to before me this twentieth day of June, A. D. 1884.

"REASON S. PEMBERTON,
"Justice of the Peace."

He thereupon procured from the justice a transcript of the judgment, and of the proceedings had in the cause before the justice, and filed the same, with the affidavit, in the office of the clerk of the circuit court of Cass county, where the judgment was duly docketed and entered.

On June 25, 1884, an execution was issued out of the cir-cuit court, based upon such judgment, directed to the sheriff of St. Joseph county, and the same delivered to the defend-ant as such sheriff, who, by virtue thereof, levied upon and seized a horse, harness, and phaeton belonging to Doty, who brought this suit in replevin, claiming the property as exempt from execution.

Subsequently to the commencement of the suit, Daniel P. Doty died, and the suit has been revived by his widow, Sarah J. Doty, as administratrix of his estate. On the trial the plaintiff introduced testimony tending to prove that the property levied upon was exempt from execution, and rested her case. The defendant attempted to justify under the execution issued upon the statutory judgment obtained by filing the transcript. The circuit judge at first admitted the transcript and execution in evidence, but afterwards struck the testimony from the case, and directed a verdict for the plaintiff, for the reason that the administrator of Fairbanks was not authorized to make the affidavit to obtain a tran-script.

It has been held by this Court that the whole proceeding in reference to transcripts is statutory, and must be strictly followed; and if the statutory requisites are not complied with, no valid execution can be issued thereon : *O'Brien v. O'Brien*, 42 Mich. 15 ; *Monaghan v. McKimmie*, 32 Id. 40 ; *Peck v. Cavell*, 16 Id. 9 ; *Jewett v. Bennett*, 3 Id. 200.[1]

By referring to the statute above cited, it will be seen that the justice having control of the judgment is only authorized to make and certify the transcript upon the demand of the plaintiff or his attorney, based upon an affidavit made and delivered by the party in whose favor the judgment shall have been rendered, or his attorney. It is plain that this cannot be done where the party in whose favor the judgment is rendered is dead. The affidavit is jurisdictional, and if not made by the party authorized by the statute, is a nullity. An affidavit made by an administrator is not an affidavit made by the party in whose favor the judgment is rendered. Neither can the affidavit be made by an attorney who acted for the party in obtaining the

---

[1] The removal of a justice's judgment by transcript to the circuit court is accomplished by *ex parte* proceedings, and a strict compliance with the statutory provisions is essential to their validity: *Jewett v. Bennett*, 3 Mich. 198; *Peck v. Cavell*, 16 Id. 10, 11; *Monaghan v. McKimmie*, 32 Id. 41; *O'Brien v. O'Brien*, 42 Id. 16.

The transcript must be certified according to the statute: *Jewett v. Bennett*, 3 Mich. 201.

The return of an execution unsatisfied is not required under How. Stat. § 6947, before taking a transcript: *Udell v. Kahn*, 31 Mich. 197; but judgments on which execution cannot issue for five days after rendition are not removable to the circuit court before the expiration of that time: *O'Brien v. O'Brien*, 42 Mich. 16; *Vroman v. Thompson*, Id. 146.

The transcript must be officially signed by the justice, and the appearance of his name in the certificate is not sufficient: *Bigelow v. Booth*, 39 Mich. 624.

The failure of the affiant to affix his signature to the affidavit for a transcript will not invalidate it if actually sworn to: *Dickinson v. Simondson*; 25 Mich. 115; *Merrick v. Mayhue*, 40 Id. 199.

The affidavit required to be filed with the justice under How. Stat. § 6947, need not state the *amount due* on the judgment: *Smith v. Circuit Judge*, 46 Mich. 339; but if stated, the affidavit and transcript are filed with the clerk without such delay as would or might raise a presumption of payments being made in the interim, no second affidavit is required: *Id.*

In the case last cited *one* day intervened, and in *Udell v. Kahn*, 31 Mich. 197, *three* days, and *one* affidavit was held sufficient; but in *Bigelow v. Booth*, 39 Mich. 624–5, *eight* days delay in such filing was held fatal.

judgment, for death terminates the relation, and revokes the authority of the attorney.

Had the Legislature intended to authorize the administrator, or other party beneficially interested in the collection of the judgment, to make the affidavit, it doubtless would have conferred the authority in express terms. It expressly authorizes the administrator to prosecute any action commenced by the deceased in his life-time, for the recovery of any debt or claim, to final judgment, and to have execution on any judgment already obtained. Further than this the Legislature has not gone towards enforcing collections of judgments standing in the name of a deceased plaintiff.

In this case the administrator might have had an execution issued upon the judgment by the justice, which could have been levied upon any personal property of defendant found in the county of Cass. But in order to seize property in the county of St. Joseph the administrator would have been obliged to sue the defendant in the county of St. Joseph upon the judgment, and obtain a new judgment in that county.[1]

---

[1] The Legislature sought, by Act 205, Laws of 1885, p. 284, to provide for the transfer, from the county where rendered to other counties in the State, of justice's judgments rendered upon *personal* service of process, and not *exceeding* twenty dollars in amount, exclusive of costs, the provisions of which act may be summarized as follows:

Sec. 1 authorizes the *party* in whose favor any *such* judgment shall have been rendered, or his attorney, whenever an execution may, by law, be issued thereon, to make and deliver to the justice having control of *such* judgment an affidavit stating the amount due thereon, including a transcript fee of two dollars to be paid to said justice before any transcript is issued, and setting forth, in substance, that the deponent *knows*, or has *good reason* to believe and *does* believe, that there is (are) not sufficient goods and chattels liable to execution within the county in which such judgment was rendered, belonging to any person or persons against whom such execution may issue.—(The words "to satisfy said judgment" are omitted. What effect such omission has upon the section and act is for the courts to decide.)

Sec. 2 makes it the duty of the justice to send a certified transcript of the judgment, etc., with a statement of the amount sworn to be due thereon, and a fee of one dollar, by mail, postage prepaid, to any justice in the State to whom the party procuring the transcript shall request it to be sent.

Sec. 3 provides for the entry of such judgment *in full*, by the justice receiving the same, upon his docket, with a note of the time of its receipt and the amount sworn to be due thereon.

Sec. 4 gives to such judgment the same force and effect as if rendered by the justice receiving it, and provides for its enforcement, by execution or otherwise, and its discharge and cancellation, the same as any other *like* judgment on his docket.

This he sought to avoid by filing a transcript in Cass county, and issuing execution to the sheriff of St. Joseph county.

For reasons stated above, we think this could not be legally done by the administrator. The proceeding to obtain the transcript was unauthorized, and the entry and docketing of the judgment in the clerk's office for the county of Cass formed no legal basis for the execution under which the defendant attempted to justify.

The judgment must be affirmed.

The other Justices concurred.