JAMES S. BERKERY v. CORNELIUS J. REILLY, CIRCUIT JUDGE OF WAYNE COUNTY.

*Justices' courts—Transcript of judgment—Affidavits—Authority of plaintiff's attorney—Notary public of foreign state.*

1. Where the affidavits required to be filed on the removal of a justice's judgment by transcript to the circuit court are defective, that court has no power to allow sufficient ones to be filed *nunc pro tunc.*

2. The authority of an attorney who appears in justice's court extends no further than the proceedings before the justice.

3. The affidavit required to be filed with a justice of the peace to obtain a transcript of a judgment may be made by any duly-authorized attorney, who may swear to his authority in said affidavit.

4. An affidavit filed with a justice of the peace to obtain a transcript of a judgment, which fails to show that any costs are due, is insufficient to authorize the county clerk to enter such costs as a part of the judgment docketed in his office, the presumption being that they have been paid or waived.

5. Where eleven days intervene between the making of an affidavit for a transcript of a justice's judgment and the filing of such transcript with the county clerk, another affidavit of the amount due upon said judgment is necessary to authorize such filing; citing *Bigelow v. Booth,* 39 Mich. 622.

6. The official character of a notary public of another state, before whom an affidavit of the amount due upon a justice's judgment rendered in this State, and a transcript of which is sought to be filed with the county clerk, is sworn to, must be certified to as required by How. Stat. § 7448 (subd. 3), to authorize such filing or the entry and docketing of said judgment.

*Mandamus.* Submitted June 24, 1890. Granted August 1, 1890.

Relator applied for *mandamus* to vacate an order allowing the filing of new affidavits *nunc pro tunc* in place of defective ones filed under the statute providing for filing transcripts of justices' judgments with the county clerk. The facts and points of counsel are fully stated in the opinion.

*George W. Bates,* for relator.

*H. E. Spalding,* for respondent.

CHAMPLIN, C. J.   Petitioner, James S. Berkery, asks for a *mandamus* based upon the following facts:

On January 29, 1884, "Thomas Bortz, for James B. Bortz," sued Berkery before Charles H Borgman, one of the justices of the peace of Wayne county, in a plea of *assumpsit,* and recovered judgment on February 19, 1884,

for $251.29 damages, and costs of suit, taxed at $4.50.
On January 18, 1890, Thomas J. Corkery, as attorney for
the plaintiff, made and filed an affidavit with Joseph C.
Gibson, one of the justices of the peace of Wayne county,
and who had control of the docket and judgment record
of said judgment.  On the same day Justice Gibson made
and delivered to Corkery a transcript of the judgment,
and annexed his certificate thereto.  On January 28, 1890,
James B. Bortz made an affidavit of the amount due
upon the judgment, and on January 29 the transcript, the
affidavit for the same, and the affidavit of the amount due
were filed with the clerk of the circuit court for the
county of Wayne, who thereupon entered the same in the
docket kept by him in which are recorded transcripts of
judgments from justices of the peace for said county.

May 19, 1890, Berkery, by his attorney, made a motion
in the Wayne circuit court before Hon. C. J. Reilly to
set aside the said judgment, based upon the filing of the
transcript, for the following reasons:

"1. There is no affidavit of amount due, as required
by the statute.

"2. The affidavit filed therein is not properly sworn
to, or authenticated, as required by statute, being sworn
to in the state of Ohio before a notary public of that
state, and there is no certificate attached to said affidavit
by the clerk of any court of record under the seal of
said court showing that the signature of the notary was
genuine, or that he was authorized by the laws of his
state to administer oaths.

"3. The transcript shows that the original judgment
before the justice was entered in the case of ' *Thomas
Bortz, for James B. Bortz, against James S. Berkery,*'
whereas the affidavit is entitled in a case of James B.
Bortz against said James S. Berkery, judgment on Jus-
tice Borgman's docket.

"4. The affidavit as filed was sworn to before Thomas J.
Corkery, who appears on the record in said circuit court
as the attorney for said plaintiff.

"5. The affidavit filed with the justice for the tran-

script of judgment is sworn to on the 18th day of January, 1890, while the transcript was not filed in this court until the 29th day of January, 1890, and cannot therefore be treated as an affidavit of amount due, as required by the statute.

"6. The affidavit filed does not identify the judgment, the transcript of which was filed in this case, so that it cannot be treated as an affidavit in such case."

This motion was argued before the circuit judge, and on May 26, 1890, he disposed of the motion by the following order:

"The motion heretofore made in said cause for an order setting aside the judgment therein came on to be heard, and after hearing Geo. W. Bates, defendant's attorney, in support thereof, and Thomas J. Corkery, plaintiff's attorney, in opposition thereto, it is ordered that said plaintiff have ten days from date to file new affidavits of amount due on said judgment, and for transcript thereof, in substitution for those now on file therein, *nunc pro tunc*, and that unless such affidavits are filed in said time said judgment be set aside."

Affidavits were filed under this order on June 4, 1890. Relator insists that such order allowing new affidavits to be filed was irregular and void for the following reasons:

"1. That there was no sufficient affidavit filed with the justice for such transcript, in this, that the affidavit filed was not made by any authorized person, it not being made either by the plaintiff, his assignee, or the attorney of either party." Act No. 173, Laws of 1885, amendatory of How. Stat. § 6947.

The other reasons stated are substantially the same as those above quoted in support of the motion.

If these affidavits were insufficient to confer jurisdiction, the one upon the justice to certify his transcript, and the other upon the clerk to file the transcript and enter judgment, then jurisdiction could not be conferred by substituting sufficient affidavits *nunc pro tunc*. The question must be determined upon the validity of the affidavits filed with the transcript.

Parties may appear in justices' courts and prosecute or defend either in person or by attorney. Such courts being of special and limited jurisdiction, the authority of the attorney extends no further than the proceedings before the justice. An attorney may act for a party in any judicial proceeding in which he may be employed; and, when a party is entitled to appeal or obtain a transcript from a justice of the peace by filing an affidavit made by himself or his attorney, it is not necessary that the affidavit shall be made by the attorney who appeared in the suit as such, but it may be made by any attorney thereunto duly authorized by the party, and his authority may be proved by the affidavit of the attorney deposed to in the affidavit. In this case, the affidavit for the transcript was made by Thomas J. Corkery, who states in the affidavit that he is the duly-authorized attorney of the plaintiff. The affidavit was a sufficient compliance with the statute authorizing it to be made by the attorney of the plaintiff.

The plaintiff's name only appears in the title of the cause, above, or in the caption of, the affidavit, and it then appears as "Thomas Bortz, for James B. Bortz, vs. James B. Berkery." In a cause so entitled the next question is, who is the plaintiff in the suit? It cannot be disputed that Thomas Bortz is the nominal plaintiff. The words "for James B. Bortz" are surplusage, and are indicative merely that the suit is prosecuted for his use and benefit. He may be the real party in interest, but he is not the real party to the record. And the law refers to parties to the record. If James B. Bortz had been the real party in interest, and as such was the absolute owner of the judgment recovered, he would have been authorized to make the affidavit as to the amount due, as the agent of the plaintiff to the record. The judgment before Justice Borgman was rendered in favor

of Thomas Bortz, and he was the party authorized by the statute to apply for the transcript, by himself or through his attorney. The affidavit of Corkery must refer to him when he says that he is the duly-authorized attorney of the above-named plaintiff.

A series of blunders appear in the affidavits and transcript. In the title of the cause, in the affidavit of Corkery, the defendant is called "James B. Berkery." In the transcript he is called "James S. Berkery." In the title of the cause in the same affidavit the plaintiff is styled "Thomas Bortz, for James B. Bortz," and also in the caption of the transcript; but in the docket entries, Book No. 4, Docket No. 2743, p. 94, the cause is entitled "*Thomas Bortz, for James S. Bortz, against James S. Berkery,*" etc., and, if the middle initial letter in a name were of any consequence, it would raise serious questions as to the identity of the parties. We hold, however, that the affidavit made by Corkery is good and sufficient.

This affidavit states the amount due and unpaid upon the judgment, exclusive of costs, to be $251.29. It does not state whether there were any costs. This affidavit, under the authority of *Smith v. Judge*, 46 Mich. 338 (9 N. W. Rep. 440), would have been sufficient authority to the clerk to enter judgment for this amount had it been timely filed, but nothing could have been entered for costs. The presumption would have been that they had been paid or waived. But it was not timely filed, and nothing can be claimed for it as showing the amount due. The affidavit was sworn to on January 18, 1890, and the transcript with the affidavit was not filed until January 29, 1890, a period of 11 days. In *Bigelow v. Booth*, 39 Mich. 622, eight days elapsed between the making of the affidavit for the transcript and the filing thereof, and the Court held that in such case there "was ample time in which the judgment might have been paid,

in whole or in part," and that "it does not necessarily follow that the amount sworn to as due on the 4th of April remained due and unpaid on the 12th of the same month." The transcript could not therefore be filed without another affidavit of the party plaintiff, or the agent or attorney of the plaintiff, stating the amount due upon such judgment.

There is what purports to be an affidavit of James B. Bortz, and, as it is short, it is inserted here:

"JAMES B. BORTZ    ⎱ Judgment on the justice docket
       v.          ⎰ of Justice Borgman.
" JAMES S. BERKERY.

"THE STATE OF ·OHIO, ⎱ ss.
    Lucas county.     ⎰

"James B. Bortz, being duly sworn, says he is a resident of Lucas county, Ohio; that there is now due him on said judgment the sum of $251.29 damages, and $4.50 costs, with interest on each of said sums, at six per cent. interest, from Feb'y 19, 1884, from said defendant, James S. Berkery, to him, the plaintiff, James B. Bortz.
                              " JAS. B. BORTZ.

"Sworn to and subscribed before me this 28th January, 1890.
    [Seal.]   " THOMAS J. CORKERY,
                  "Notary Public, Lucas County, Ohio."

This affidavit is not entitled in the cause, but is entitled in another cause upon Justice Borgman's docket.

By compliance with the requirements of the law, and filing the transcript, it becomes the duty of the clerk to enter and docket the judgment, and it then becomes a judgment of the circuit court. It was said in *Jewett v. Bennett*, 3 Mich. 200:

"Under such entirely *ex parte* proceedings, to be followed by such unusual consequences, justice and· the protection of the ·parties, as well as law, require a strict compliance with the provisions of the statute before they can be made available to remove the judgment, convert it into a judgment of the circuit court, and throw about

it the sanctions, and attach to it the remedies, of a court of general jurisdiction.

This principle has been enunciated and followed repeatedly from 1854 to the present time. *O'Brien v. O'Brien,* 42 Mich. 15 (3 N. W. Rep. 233); *Doty v. Dexter,* 61 Id. 348 (28 N. W. Rep. 123); *Wedel v. Green,* 70 Id. 642 (38 N. W. Rep. 638); *Peck v. Cavell,* 16 Id. 9.

A more serious objection to the affidavit of James B. Bortz is that it does not appear to have been sworn to before any officer authorized to administer oaths. It purports to have been sworn to before "Thomas J. Corkery, Notary Public, Lucas county, Ohio," and he has attached a notarial seal. But in this State a notarial seal is not recognized as evidence of the authority of a notary to administer an oath. The authority of notaries to administer oaths is usually conferred by statute, and does not pertain to their office by usage or custom. *Keefer v. Mason,* 36 Ill. 406; Proff. Not. § 21. The affidavit of Bortz of the amount due was to be used in a judicial proceeding in this State. To entitle it to be used it was necessary that it should have been certified under How. Stat. § 7448 (subd. 3).

Attention is called to the language of this section, that "to entitle the same [affidavit] to be read it must be authenticated," etc., and it is claimed that, as the affidavit required by section 6948 is only to be *filed* by the clerk, this statute does not apply. This would be a too narrow construction to put upon the language of the statute. The clerk must read the affidavit to know whether it complies with the statute, and so to determine whether he should file it, and enter judgment upon it. This affidavit is jurisdictional, and the foundation of a judgment in the circuit court; and it would indeed be a strange construction to give this statute that no affidavit

taken in another state to be used in a judicial proceeding could be read unless authenticated as required by this section, and yet an affidavit which is to give the court jurisdiction may be filed or used without authentication, and without any certificate of the authority of the officer to administer oaths, or of the genuineness of his signature. The affidavit without such authentication was a nullity, and gave no jurisdiction to the clerk to file the transcript, or enter and docket the judgment.

The counsel for respondent cites the case of *Pinkham v. Cockell*, 77 Mich. 265, as an authority for holding that there is a presumption that the party before whom the oath was taken was a proper officer, in the absence of proof to the contrary. It is proper to state that a mistake crept into the opinion in that case. The record showed that the authority of the notary was properly certified, and the opinion was corrected by Judge CAMPBELL in one part, and by oversight left in another part as originally written.[1]

We think the *mandamus* must issue as prayed, and it is so ordered.

The other Justices concurred.

---

[1] The *fact* of such certification is stated in the report of the case in 77 Mich. 265 (head-note 2).