W. C. HAMILTON *et al.* v. WILLIAM THOMSON *et al.*
No. 64.

JUSTICE OF THE PEACE — *Judgment* — *Transfer to District Court.* Under section 119 of the justices' act, a judgment rendered by a justice of the peace may be transferred to the district court by filing with the clerk thereof an abstract of such judgment. But, in order to effect such transfer, it is essential that there be a substantial compliance with the requirements of the statute, both as to the form of the abstract and in the manner of its authentication. And where a justice of the peace certifies to an abstract that the judgment therein described was rendered by him, and the uncontradicted evidence shows that the officer so certifying was not a justice of the peace until more than two years after the date of the rendition of such judgment, and that, in fact, no such judgment was rendered by him, the record of such pretended transfer may, upon proper proceedings being had, be vacated and set aside, and the issuance of process thereon be enjoined.

MEMORANDUM.— Error from Shawnee district court; Z. T. HAZEN, judge. Action by W. C. Hamilton and another against William Thomson and another to set aside a judgment. Judgment for defendants. Plaintiffs bring the case to this court. Reversed. The opinion herein, filed April 1, 1896, states the material facts.

*A. H. Case,* for plaintiffs in error.

*C. M. Welch,* for defendants in error.

The opinion of the court was delivered by

CLARK, J.: The record in this case shows that on August 14, 1893, William Thomson and R. C. Heizer, partners as Thomson & Heizer, commenced an action in justice's court against W. C. Hamilton and S. E. Hamilton before one William R. Hazen, a justice of the peace of the city of Topeka, Shawnee county, and that, on September 17, following, the said Hazen, upon a trial of said action, rendered a judgment in favor of the plaintiffs and against the defendants in the sum of $154.56, together with the costs, taxed at $4.05; that several executions were subsequently issued out of said court on said judgment and returned wholly unsatisfied; that in 1885 one R. H. C. Searle was duly elected, and thereafter qualified as a justice of the peace of the city of Topeka, and as such entered upon the discharge of the duties of that office on July 14, 1885; that, on that day Searle rightfully came into possession of the dockets of the said William R. Hazen, including the one upon which the above judgment was entered; that on May 23, 1887, there was filed in the office of the clerk of the district court of said Shawnee county a document in words and figures as follows:

"William Thomson and R. C. Heizer, partners as Thomson & Heizer, plaintiffs, *v.* W. C. Hamilton and S. E. Hamilton, defendants. State of Kansas, Shawnee county, ss: In justice's court, before Wm. R. Hazen, a justice of the peace of the city of Topeka, in said county. September 17, 1883, judgment entered for plaintiff. Debt, $154.56, and costs, $4.05; accrued costs, $4.50; total, $8.65, of which 45 cents has

been paid by plaintiffs' attorneys. I hereby certify that the foregoing is a full and correct abstract of a judgment rendered by me in the suit above entitled. —R. H. C. SEARLE, justice of the peace, successor of Wm. R. Hazen, justice of the peace."

This judgment was by the clerk entered upon the judgment docket of the district court of Shawnee county as a judgment rendered by a justice of the peace. Several executions and summonses in garnishment were subsequently issued thereon by the clerk, in the same manner as if the judgment had been taken in the district court; and the plaintiffs were about to cause another summons in garnishment to issue thereon when the defendants instituted this proceeding in the district court of Shawnee county, to set aside this judgment so docketed, and the abstract thereof, and to enjoin such process. Upon a trial had, the court refused to grant the relief prayed for by the plaintiffs in this action, and entered judgment accordingly. The case is brought here for review.

The defendants in error object to any consideration of the errors assigned in this court, for the reason, as alleged by them, that neither they nor their attorneys had any notice of the time when the case-made would be presented for settlement; and that the case-made which is attached to the petition in error was settled and signed in their absence. The record shows that the answer was prepared and signed by one of the defendants in error, and that he attached thereto the firm name of Welch & Wilson. Mr. Wilson, of that firm, was the only attorney who personally appeared at the trial representing the defendants in error. The plaintiffs below were given 60 days in which to make and serve a case-made for the supreme court, and, under the statutes, the defendants were entitled to

three days thereafter in which to suggest amendments. No notice of the settlement of the case-made was required by the order of the court, and the statutes make no such requirement, in the absence of such an order. On December 19, 1894, Mr. Welch, senior member of the firm of Welch & Wilson, acknowledged due service of the case-made, and on December 31 served on the attorney of the plaintiffs in error his suggestions of amendments thereto.

The case-made was settled and signed on January 7, 1895. The defendants in error claim that Mr. Welch was the sole attorney authorized by them to appear in the case, and that the appearance of Mr. Wilson, both at the trial and at the settlement of the case, was wholly unauthorized by them. The record, however, shows that, at the trial of this action, Mr. Wilson, as a witness, testified that the firm of Welch & Wilson were the attorneys for the defendants. There is nothing in the certificate of the judge to indicate that any of the parties were present when the case-made was settled by the court; but, from the affidavits presented upon the hearing in this court, it appears that Mr. Wilson was present at such settlement, and suggested certain amendments thereto; and, although the record does not contain some of the suggestions of amendments which were served on the attorney for the plaintiffs in error by Mr. Welch, still, had they been allowed and incorporated in the record, and received due consideration by this court, they could not have affected the decision of the case upon its merits. Mr. Welch had represented Thomson & Heizer in the former litigation; but we think it clearly appears that the firm of Welch & Wilson were the attorneys for the defendants in error in this suit, and that the appearance of Mr. Wilson at the settlement

of the case-made was the appearance of the defendants in error.

The plaintiffs in error contend, first, that, while the document under consideration purports to be an abstract of a judgment rendered by a justice of the peace, it is not authenticated in the manner required by law, and is therefore void; that while it purports on its face to be an abstract of a judgment rendered by William R. Hazen, a justice of the peace, in order to make it of any validity, it must, under the statute, be certified to by him, and that a certificate thereto by his successor in office is unauthorized by law; and that, even if the law contemplated that such a judgment might be docketed in the district court upon an abstract thereof certified to by the successor of the justice who rendered it, the document under consideration is ineffectual for that purpose. In support of the contention of plaintiffs in error, our attention has been called to certain sections of the statute authorizing the transfer to the district court of a judgment rendered by a justice of the peace.

Section 518 of the code provides that,

"In all cases in which a judgment shall be rendered by a justice of the peace, the party in whose favor the judgment shall be rendered may file a transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered; and thereupon the clerk shall, on the day on which the same shall be filed, enter the case on the appearance docket, together with the amount of the judgment and time of filing the transcript; and shall also enter the same on the judgment docket, as in case of a judgment rendered in the court of which he is clerk."

Sections 519 and 520; following, provide that, from the day of the filing of the transcript, such judgment

shall be a lien upon the real estate of the judgment debtor, and that execution may be issued thereon by the clerk of the court in the same manner as if the judgment had been taken in the district court. Section 193 of the justices' act provides that,

"The justice with whom the docket of another may be deposited, either during a vacancy or as his successor, is hereby authorized, while having such docket legally in his possession, to issue execution on any judgment there entered and unsatisfied, and not docketed in the district court, in the same manner and with the same effect as the justice by whom the judgment was rendered might have done, to take bail in appeal, to issue certified transcripts of judgments on such docket, and proceed in all cases in like manner as if the same had been originally had or instituted before him."

Section 119 of the same act provides that,

"For the purpose of docketing in the district court, the abstract of a judgment of a justice of the peace shall be in the following form ( fill up the blanks as required ): 'State of Kansas, ——— county. ———, plaintiff, v. ———, defendant. In justice's court, before ———, justice of the peace, ——— township, ———, 18—. Judgment entered for plaintiff (or defendant). Debt, $——. Costs, $——.' I hereby certify that the foregoing is a full and correct abstract of a judgment rendered by me in the suit above entitled. ———, Justice of the Peace."

It will be seen that the legislature has provided that a judgment of a justice of the peace may be transferred to the district court by filing in such court either a transcript of the judgment, or an abstract thereof. If the former mode is adopted, a complete copy of the judgment must be so filed, and, under section 193 of the justices' act, such transcript might be issued by the successor in office of the justice rendering the judgment. If, however, it is sought to

transfer a judgment, upon an abstract thereof, section 119 of the justices' act prescribes what the abstract shall contain, as well as the particular manner in which it should be authenticated. It is evident that the defendants in error attempted to remove a judgment to the district court under said section 119 ; and the question for our determination is as to whether or not they were successful. In view of the conclusions which we have reached, we do not feel called upon to decide as to whether or not an abstract of a judgment can be properly certified by any one save the justice who rendered the judgment; for, even if such authentication were contemplated by the statute, we think, under the evidence in this case, there was no such substantial compliance with the requirements of the statute as would entitle the defendants in error to have process issued by the clerk of the district court upon the judgment docketed therein, upon the filing of this abstract. The most reasonable construction to place upon this document is that it purports to be an abstract of a judgment which was rendered by Searle, who was the successor of the justice before whom the action was commenced, and indicates that Hazen had vacated the office prior to the date of the rendition of the judgment. Under such a construction, the abstract cannot be said to be void upon its face. But, when we examine the evidence, we find that no such proceedings were in fact had before Searle, and that he was not a justice of the peace until nearly two years after the date of the rendition of this judgment. Possibly this abstract would be sufficient to warrant the issuance of process thereon had Searle certified that the judgment therein mentioned was rendered by Hazen ; but, instead of this, Searle certifies that it was rendered by him. The words "suc-

cessor of Wm. R. Hazen, justice of the peace," following his official signature, are *descriptio personæ;* but they throw no light upon that which precedes them, unless it be to indicate how Searle came to render a judgment in an action originally commenced before Hazen. The mere entry on the docket that a certain judgment was rendered in the district court would not authorize the issuance of process thereon if no such judgment in fact existed. The abstract of a judgment of a justice of the peace, when docketed in the district court, stands virtually upon the same footing as a judgment of that court. It is a record which must be tried by itself. It must be complete and perfect in itself. (*Young v. Thompson*, 14 Ill. 380; *Allen v. Corlew*, 10 Kan. 70; *School District v. Vedder*, 19 id. 525.) Although the evidence shows that a judgment was rendered by Hazen on September 17, 1883, in favor of the defendants in error and against the plaintiffs in error for $154.56 debt, and $4.05 costs, that judgment could only be transferred to the district court upon compliance with the statutes authorizing such proceeding. (*Butler v. Lewis*, 10 Wend. 542; *Jewett v. Bennett*; 3 Mich. 198; *Peck v. Cayell*, 16 id. 9; *Eason v. Cummins*, 11 Humph. 210; *Street v. McClerkin*, 77 Ala. 580; *Doty v. Dexter*, 61 Mich. 348; *Frazier v. Crowell*, 52 Cal. 399.) The clerk of the district court would not be authorized to enter upon his judgment docket an unsigned abstract of a judgment of a justice of the peace, nor to issue process to enforce its collection. (*Bigelow v. Booth*, 39 Mich. 622.) And we think the same rule should apply where a justice of the peace issues a document purporting to be an abstract of a judgment rendered by him, where it is made clearly to appear, as in this case, that no such judgment in fact ever existed as that certified by him.

The statements set forth in the abstract under consideration are not supported by the evidence. No such judgment as that referred to therein was ever rendered by Searle. The abstract is therefore shown to be void, and the court erred in refusing to grant the relief prayed for.

It therefore follows that the judgment must be reversed.

GILKESON, P. J., concurring.

GARVER, J., dissenting : I do not concur with the foregoing opinion. The form of the certificate made by the justice to the abstract of the judgment in question is somewhat irregular and defective, but I cannot think it is so much so as to render the proceedings void. It seems to me that too much importance is given to mere form as against the substance of the matter. The record shows conclusively that the judgment abstracted was duly rendered by Wm. R. Hazen, justice of the peace ; that R. H. C. Searle was his successor in office, having legal possession and custody of the docket in which the judgment was recorded ; and that, as such successor, he made and certified to the abstract. Authority to so certify, I think, was clearly conferred upon Searle by section 193 of the justices' act. The form prescribed by the statute for such certification is not of such a mandatory character that a mere formal deviation therefrom makes the whole proceeding a nullity. The object is to have a correct abstract of the judgment docketed in the district court. The evidence of the fact that such judgment was rendered is furnished by the certificate of the justice who has official custody of the docket in which the judgment appears. The trouble in this case arises from a too literal compli-

ance with the statutory form by the justice. The wording of the certificate should have been changed to suit the facts. It is an error, however, which is, in my opinion, amendable, and does not render the proceedings void. I think the lower court properly refused to enjoin the execution, and that the judgment should be affirmed.