SHEPARD *v.* SCHRUTT.

1. JUSTICES OF THE PEACE — TRANSCRIPTS OF JUDGMENT — ISSU-
ANCE OF EXECUTION.
   No execution need issue in justice's court, under 1 Comp. Laws,
   § 845, to entitle a party to a transcript of judgment to the cir-
   cuit court. *Peck* v. *Cavell*, 16 Mich. 10, distinguished.

2. SAME—AFFIDAVIT—AMOUNT DUE.
   The affidavit required by the statute to obtain a transcript is
   not sufficient alone, unless it states the amount due, and is
   promptly filed in the office of clerk of the circuit court, with
   the transcript, in which event no separate affidavit of the
   amount due (1 Comp. Laws, § 846) need be prepared.

3. SAME—TIME TO FILE AFFIDAVITS—PRACTICE.
   An affidavit filed in justice's court, made on January 13th,
   and filed with the transcript of judgment on January 15th in
   the circuit court, is sufficient, and the delay was not such as
   to give rise to the presumption of payment after the affidavit
   was made and before it was filed.

4. SAME—CLERK OF COURT—AFFIDAVIT.
   That the clerk of the circuit court did not take into considera-
   tion the amount due, stated in the affidavit, where he prop-
   erly docketed the transcript and the amounts due, is not an
   objection to the validity of the transcript, since his act was
   ministerial and execution properly issued for the correct
   amount.

5. EXECUTION—LEVY—BILL IN AID OF EXECUTION—INDORSEMENT
   OF LEVY—SHERIFF.
   It was not error to permit the sheriff to indorse the levy of
   the execution on real estate of the defendant, by attaching
   to the execution at the hearing, a statement of his proceed-
   ings thereunder; the notice of levy recorded in the office of
   register of deeds is a sufficient compliance with the require-
   ment of 3 Comp. Laws, § 10203.

6. SAME—TIME OF RECEIPT—INDORSEMENT BY SHERIFF—PROCESS.
   Oral testimony of the sheriff and an indorsement at the hear-
   ing, showing the time when he received the execution, suffi-
   ciently met the requirements of 3 Comp. Laws, § 10309, as
   to indorsement of the time of receipt.

7. CREDITOR'S SUIT — BILL IN AID OF EXECUTION — FRAUDULENT
CONVEYANCE.

> Under evidence that a mortgage to one of the defendants was
> executed upon the property covered by execution, while
> action was pending between the complainant and his debtor,
> for the amount of the claim, that the money was paid over
> after judgment, and that defendants had stated that they
> had fixed matters so he could not collect his judgment, where
> they could not satisfactorily explain what became of the
> consideration of the transaction, sufficiently supports the de-
> termination of the trial court that the conveyance was fraud-
> ulent.

Appeal from Hillsdale; Chester, J.  Submitted Octo-
ber 10, 1910.  (Docket No. 25.)  Decided December 7,
1910.

Bill by Charles A. Shepard against Henry U. Schrutt
and Levi Schrutt, in aid of an execution.  From a judg-
ment for complainant, defendants appeal.  Affirmed.

*Powell & Chase* and *Arthur L. Guernsey*, for com-
plainant.

*Merton Fitzpatrick* and *Wilbur Grommon*, for de-
fendants.

STONE, J.  The bill of complaint in this cause was
filed in aid of an execution.  The complainant here had,
as plaintiff, on January 6, 1908, recovered a judgment in
justice's court against the defendant Henry U. Schrutt for
$175.95 damages, and costs taxed at $5.60, making a total
of $181.55.  Later a transcript was taken to the circuit
court, and an execution was issued and levied upon a lot
known in this record as the "shed lot."  On January 7,
1908, a mortgage was placed upon record on this property
bearing date January 4, 1908, executed by defendants
Henry Schrutt and Chloe Schrutt, his wife, to the defend-
ant Levi Schrutt; the consideration named being $400.
The case in the court below turned upon the validity of
the transcript, the levy, and the mortgage; the complain-

ant claiming that the mortgage should be set aside as in fraud of his execution levy. Decree was entered for the complainant, and the defendants have appealed.

The transcript proceedings are all in the record, and we will consider them in connection with the objections of the defendants. The claims of the defendants are:

(1) That the transcript was void because no execution was issued in justice's court before the transcript was applied for.

(2) That the provisions of section 846, 1 Comp. Laws, in regard to second affidavit were not complied with.

(3) That the judgment entered upon the transcript was void because the clerk did not take into consideration the affidavit of the amount due.

(4) That section 10309, 3 Comp. Laws, was not complied with in regard to the indorsement of time of receipt upon execution.

(5) *a* That the provisions in regard to the indorsement of levies upon executions were not complied with, and those provisions were mandatory.

(*b*) Not having complied with section 10203, 3 Comp. Laws, complainant could not make out a *prima facie* case.

(6) That these mistakes and omissions could not be cured by amendment.

(7) That the allegations in the bill of complaint (relating to indorsement of receipt and levy of execution) were jurisdictional, and the fact they were not proven entitled defendants to dismissal of the bill.

(8) That the court's findings, as filed, were not justified by the evidence introduced and the law as applicable to the facts proven.

1. Was the transcript void because no execution was issued in justice's court before the transcript was taken? In support of their contention counsel for defendants rely upon *Peck* v. *Cavell*, 16 Mich. 10. The statute in force when the above-cited case arose read:

"Whenever an execution shall be returned unsatisfied in whole or in part, it shall be the duty of the justice * * * on demand * * * to give a certified transcript." Comp. Laws, 1857, § 3786.

This statute has been amended and now reads:

"Whenever an execution may by law be issued upon any judgment rendered by a justice of the peace for twenty dollars or over, exclusive of costs, the party in whose favor such judgment shall have been rendered * * * may make and deliver to the justice of the peace having control of such judgment, an affidavit, setting forth in substance that the deponent knows, or has good reason to believe, and does believe, that there are not sufficient goods and chattels liable to execution to satisfy such judgment, within the county in which said judgment was rendered, belonging to such person or persons against whom such execution may issue," etc., it then becomes the duty of the justice to make the transcript.    Section 845, 1 Comp. Laws.

There is no longer any reason for the rule laid down in *Peck* v. *Cavell*, and the present statute does not make the issuance of an execution necessary, as a prerequisite of making the transcript.    *Udell* v. *Kahn*, 31 Mich. 196; *O'Brien* v. *O'Brien*, 42 Mich. 15 (3 N. W. 233); *Vroman* v. *Thompson*, 42 Mich. 145 (3 N. W. 306).

2. Defendants urge that a second affidavit setting forth the amount due upon the judgment was not made.    Section 845, 1 Comp. Laws, provides what affidavit must be made to entitle one to a transcript.    Section 846, 1 Comp. Laws, provides what affidavit must be made to enable the clerk to file such transcript, and to enter and docket the judgment.   The affidavit provided by the first-named section is not sufficient alone; but if that affidavit states the amount due, and is promptly filed with the transcript in the clerk's office, the amount due need not be stated in a separate affidavit.    *Udell* v. *Kahn*, *supra*; *Smith* v. *Circuit Judge*, 46 Mich. 338 (9 N. W. 440).    Here the affidavit of the amount due was made January 13, 1908, and was filed with the transcript in the county clerk's office January 15, 1908; that is, it was filed with the transcript the next day but one after it was made.    In *Udell* v. *Kahn*, *supra*, the transcript was filed within three days after the affidavit was sworn to, and it was

held to be timely, and that there was no such delay as might give rise to a presumption that payment after the date thereof, and before filing with the clerk, may have been made, as was the case in *Bigelow* v. *Booth*, 39 Mich. 622, where 8 days had elapsed, and in *Berkery* v. *Circuit Judge*, 82 Mich. 160 (46 N. W. 436), where 11 days intervened. So it must be held that the clerk had authority to receive, enter, and docket this transcript.

3. We do not think that there is any merit in the third objection, that, in entering and docketing the judgment and issuing the execution, the clerk did not take into consideration the affidavit of the amount due. No claim is made that the transcript was not properly docketed, nor that the amounts entered on the transcript docket in the circuit court, or for which the execution issued, are different than the affidavit of the amount due set forth, but that the clerk, as he testified, considered the transcript, or transcript docket entry, instead of the affidavit. The act of the clerk was a mere ministerial one, and an execution cannot be defeated nor declared void, if legally and properly issued, because of what the clerk may or may not have considered in issuing it. The proper affidavit was there; but whether it was considered by the clerk or not is not important.

The fourth, fifth, sixth, and seventh objections of defendants may be considered together. Upon this branch of the case we adopt the language of the circuit judge in a written opinion filed by him:

"Having found that the transcript is a legal and valid judgment in the circuit court, we pass to the questions raised on the execution and levy. February 18, 1908, the execution in question was issued. The sheriff did not indorse thereon the year, month, day, and hour when he received the same. The sheriff on February 25, 1908, executed and caused to be recorded in the office of the register of deeds a notice of levy on the lands in question in the form prescribed by statute; the notice stating that he had levied on the lands mentioned. The sheriff held the execution in his possession until the day of the trial of

this case, and the same was offered in evidence without any indorsement of levy. Defendant objected to the execution being received in evidence because the time when it was received was not indorsed thereon; and, further, that it did not show that any levy had been made. Upon application of complainant, and against objection of defendant, the sheriff was permitted to attach to the execution what proceedings he took by virtue of the execution, and when, and the same was made a part of the execution. In *Vroman* v. *Thompson*, 51 Mich., at page 456 ( 16 N. W. 810 ), it was said :

" ' That the officer must attest the intellectual act of levying by a written memorial of some kind, cannot be denied. So much is fairly implied. But it is not admitted that the visible evidence required can only exist in the form of an indorsement on the writ. The statute does not require it, and there is nothing in the nature of the thing demanding it. The object is to have some outward and permanent manifestation of the fact; something which is durable, intelligible, and public, in the nature of a record to which all may resort who are entitled to information and desire it. The necessity is for evidence which is plain and accessible, and this is well afforded by the recorded notice prescribed by the statute. We held in *Campau* v. *Barnard*, 25 Mich. 381, that this notice is primary evidence of the levy; and, when a levy is shown by primary evidence to exist, it is not perceived how it can be said not to exist. The supreme court of California have gone much farther than *Campau* v. *Barnard*. *Blood* v. *Light*, 38 Cal. 657 (99 Am. Dec. 441). No doubt it is the better practice to indorse the fact of levy on the execution when it is feasible to do so, but the levy cannot be regarded as imperfect for the want of it, where the proper notice is regularly recorded.'

"Also on page 459 the following language is used :

" ' It has been shown that the facts were sufficient to constitute a levy on the 13th of September, 1876. Hence the subsequent indorsement of a levy, whenever made, is of no importance.'

"See, also, *Schoonover* v. *Osborne*, 111 Iowa, 140 (82 N. W. 505, 82 Am. St. Rep. 496). Under these authorities I think the indorsement of levy was properly permitted upon the trial.

"Section 10309, 3 Comp. Laws, provides :

" 'Upon the receipt of any execution, it shall be the duty of the sheriff or other officer, to indorse thereon the year, month, day and hour of the day when he received the same.'

"The sheriff did not comply with the provisions of this statute. The sheriff was called and gave oral testimony showing that he received the execution the same day the notice of levy was filed. Can this omission defeat this execution? My attention has not been called to any decision showing that this omission is a fatal defect or a jurisdic‑ tional defect. In *Hanson* v. *Barnes' Lessee* (3 Gill & J. [Md.] 359, 22 Am. Dec. 327), under a similar statute, it was held that the omission of such an indorsement would not invalidate the execution. True, the evidence in this case does not show the reasons given in that case to exist in this State. If other proof than an indorsement made at the time of the receipt of the execution is permissible to show when the execution was received by the sheriff, then that fact is established with reasonable certainty as to time (1) by the oral testimony of the sheriff, and (2) by the indorsement permitted to be made upon the trial of this case. I think this statute is not mandatory, and that this execution should not be declared a nullity by reason of the sheriff's failure to indorse thereon the year, month, day, and hour of the day when he received the same. It being found that this is a legal and valid transcript judg‑ ment in the circuit court, and that the execution is valid, and that the levy made in accordance with law, and such levy properly indorsed on the execution, and the convey‑ ance being proved, it must be determined that complain‑ ant has established a *prima facie* case."

See, also, *Munson* v. *Ellis*, 58 Mich. 331 (25 N. W. 305).

Whether a technical case was made under section 10203, 3 Comp. Laws, by complainant upon the introduc‑ tion of the documentary evidence, is not important here, for the reason that the complainant proceeded and offered testimony tending to show a fraudulent mortgage of the "shed property;" and in a chancery case we must consider the entire record of evidence. The meritorious question is whether upon the whole record the complainant should have the relief prayed for as to the "shed property" mort‑ gage. It is a significant fact that the mortgage, even if executed at its date, which is questioned, was made by Henry U. Schrutt to his brother Levi while the suit was pending in justice's court which resulted in a judgment on

January 6, 1908. The mortgage was left for record by the mortgagor on January 7, 1908. The defendants testify that it is their recollection that the money was paid over before judgment, and they fix the date by the fact that Levi had a certificate of deposit cashed at the bank. This certificate was canceled at the bank January 7, 1908, and it must be found that the money was not paid until that day. The record discloses that both Henry and Levi stated, in different conversations, that they had matters fixed so that Shepard could not collect his judgment. Their explanations of their dealings, and what was the real consideration for the mortgage, and what was done with the money, are far from satisfactory.

A careful examination of the entire testimony leads us to the conclusion that the evidence preponderates in favor of complainant, and that the circuit judge, who heard and saw the witnesses testify, reached a proper result in the case, and the decree below is affirmed, with costs to the complainant.

BIRD, C. J., and OSTRANDER, BROOKE, and BLAIR, JJ., concurred.