ARTHUR S. KENDALL *et al.* v. D. M. SMITH, *as Sheriff, et al.*

No. 13,122. ( 72 Pac. 543.)

SYLLABUS BY THE COURT.

INJUNCTION — *Judgment of Justice — Right to Equitable Relief Not Shown.* In an action on a money demand, pending before a justice of the peace, judgment was rendered against the defendants after an appearance by both parties. The same day plaintiff filed a motion for a new trial, which the justice set down for hearing fourteen days later, counsel for defendants having notice of the time when the motion would be disposed of. At the time set the motion was sustained, defendants not appearing. The trial was then adjourned to another date, four days thereafter, at

Kendall v. Smith.

which time judgment was rendered against one of the defendants for an amount in excess of the first judgment.    Defendants were not present in person or by counsel when this judgment was entered against them.    In a suit to enjoin the levy of an execution based on the judgment, the defendants (plaintiffs below) did not complain that the judgment was unjust or that the debt on which it was founded was not a valid demand against them.    *Held*, that the execution debtors had no right to equitable relief; and *held, further*, that the entry of judgment without notice was at most a mere irregularity or erroneous act, which did not render the judgment void and subject it to collateral attack.

Error from Graham district court; CHARLES W. SMITH, judge.    Opinion filed May 9, 1903.    Affirmed.

*George W. Jones*, for plaintiffs in error.

*R. V. Wilcox*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was a suit against the sheriff to enjoin the levy of an execution.    The agreed facts are as follows : On August 24, 1901, an action was tried before a justice of the peace wherein the Kansas City Pump Company was plaintiff and Arthur S. Kendall and Carrie Kendall were defendants.    The respective parties appeared by their counsel.    Judgment was rendered against both of the Kendalls for $117.10, and against Arthur S. Kendall for $53.02.    The same day plaintiff in the action filed its motion for a new trial, which the justice set down for hearing on September 7. Counsel on both sides received notice that the motion would be taken up at that time.    On the last-mentioned date the motion was heard and sustained. Counsel for defendants did not appear.    The time for the second trial was then set for September 11, of which the Kendalls and their counsel had no notice. On that date a trial was had.    Judgment was rendered against both of the Kendalls for $117.52, and against

Arthur S. Kendall for $116.28. There was no appearance on their part. The court below refused to enjoin the levy of an execution based on this judgment, and the Kendalls have come here by proceedings in error.

The petition of the plaintiffs below contains no averment that the judgment was not founded on a just indebtedness. They rest their right to relief on the technical point that the justice of the peace was without power to render the judgment.

Invoking the aid of a court of equity, they must arouse the conscience of the court by showing that a wrong has been suffered by them. A party owing a debt is not wronged by the rendition of a judgment against him for the amount, for his obligation is to pay without judgment. For this violated duty the plaintiffs below offered no excuse. Whatever the rights of plaintiffs below may have been in a proceeding at law to vacate or set aside the judgment, in an equitable suit to accomplish the same end their standing depends on their doing, or offering to do, that which is equitable. In *Tootle v. Ellis*, 63 Kan. 422, 424, 65 Pac. 675, 676, 88 Am. St. Rep. 246, the court said :

"Some cases hold that in cases where no process at all has been served on the defendant the collection of the judgment may be enjoined without showing a defense to the original action, but a large preponderance of the authorities hold that, notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result, upon a subsequent trial, will be other than, or different from, that already reached ; or, in other words, that there was a defense to the action, either entire or partial. (Freem. Judg. § 489, and cases cited.) The general principle, as laid down in High on Injunctions, § 114, is that it must be

Kendall v. Smith.

shown to be against good conscience to execute the judgment sought to be enjoined." (See, also, *Knox County v. Harshman*, 133 U.. S. 152, 10 Sup. Ct. 257, 33 L. Ed. 586, and *Texas-Mexican Ry. Co. v. Wright*, 88 Tex. 346, 31 L. R. A. 200, and note.)

Furthermore, we regard the failure of the justice of the peace to give notice to the defendants in the action of the time when the second trial would be had as a mere irregularity; at most an erroneous omission. If counsel for the Kendalls had been present on September 7 when the motion for a new trial was sustained, of the hearing of which motion he had notice, he would have been apprised of the date which the justice set for the second trial. The parties were all before the justice. He had jurisdiction over them and over the subject-matter of the action.

The action of the justice was irregular or erroneous merely, and not destructive of his jurisdiction. In the case of *Barnhart & Brother v. Davis*, 30 Kan. 520, 2 Pac. 633, the requirements of section 5306, General Statutes of 1901, received consideration in an action like the present. That section deprives a justice of the peace of any discretion to refuse a change of venue when an affidavit is filed with him by either party to the action, stating "that he verily believes that he cannot have a fair and impartial trial before such justice, on account of the bias or prejudice of the said justice against the affiant." A refusal by a justice of the peace to grant a change of venue after such an affidavit was filed, and judgment for costs confessed, was held not to make the judgment rendered by him subject to collateral attack by injunction to restrain the levy of an execution issued for its enforcement. The ruling of the justice in denying the change of

venue was held to be merely erroneous and the judgment voidable only. To the same effect see *Ellis v. Whitaker*, 62 Kan. 582, 64 Pac. 62.

The judgment of the district court will be affirmed.

All the Justices concurring.