L. C. TRUE v. H. A. MENDENHALL.

No. 13,253. (73 Pac. 67.)

SYLLABUS BY THE COURT.

INJUNCTION—*Judgment of Justice—Equitable Relief.* Equitable relief will not be granted against a justice's judgment, void for want of jurisdiction of the person of the defendant, without a showing, or at least a *bona fide* claim, of the existence of a meritorious defense against the promissory note which was the basis of the judgment, the jurisdictional defect being that the justice after due service of summons failed to attend at the time to which a continuance had been ordered, but afterward made and entered another continuance, in pursuance of which judgment was rendered without further notice to defendant.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed July 10, 1903. Affirmed.

*John T. Sims,* and *Silas Porter,* for plaintiff in error.

*T. P. Anderson,* and *G. W Littick,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: This was an action brought by L. C. True to enjoin the enforcement of a judgment rendered against him by a justice of the peace and transferred to the district court by abstract, and to quiet the title to his real estate against the lien of such judgment.

32—67 KAN.

The district court, after a trial, denied plaintiff any relief and he brings the case here for review.

The facts as disclosed by the pleadings, evidence and findings are as follows : True was sued June 1, 1896, with another defendant, Johnson, before John T. Sims, a justice of the peace. Both defendants were served with summons. On the return-day True did not appear. The case was continued by agreement of the plaintiff and the other defendant to June 22, when it was again continued to June 29. At this time the case was dismissed as to Johnson and continued as to True to July 6, at nine o'clock. Up to this time True had made no appearance. On July 6, at nine o'clock, he appeared at the office of the justice and waited for an hour. Neither the plaintiff nor the justice appeared. The justice was absent from his office during the whole hour, but afterward returned and made and entered on his docket an order continuing the case to a later date, True not consenting to, or having any notice of, such continuance, but from that time on paying no attention to the matter. A judgment was finally entered by the justice on July 22, 1896, in accordance with plaintiff's bill of particulars, nothing having been filed by True. No execution was ever issued from the justice's court. On May 29, 1901, the successor in office of the justice who rendered the judgment filed in the district court an abstract of the judgment which was defective in that it omitted to specify that the judgment was rendered in favor of plaintiff and in that the form of the certificate was as follows : "I hereby certify that the foregoing is a full and correct abstract of the judgment rendered by me in the suit above entitled.—JAMES SWEIGART, justice of the peace, successor of John T. Sims." On the same day an execution was issued by the clerk of

the district court upon this abstract. On June 16, 1901, True brought this action. On November 7, 1901, on motion of Sweigart, the justice of the peace, and of the owner of the judgment, the district court made an order giving leave to Sweigart to amend the abstract, and it was amended so as to show that it was rendered in favor of the plaintiff and by Justice Sims.

Under the authority of *Olson v. Nunnally*, 47 Kan. 391, 28 Pac. 149; 27 Am. St. Rep. 296, and cases there cited, the justice of the peace lost jurisdiction of the case against True on July 6, 1896, and the judgment thereafter entered was void, and subject to collateral attack. It is further urged by plaintiff in error that the abstract of the judgment originally filed in the district court was a nullity, and could not sustain an execution; and that the attempted correction was not effective, because made *ex parte* and after the judgment had become dormant by the lapse of more than five years without a valid execution. In *Hamilton v. Thomson*, 3 Kan. App. 8, 44 Pac. 437, it was held, reversing the district court of Shawnee county, that an abstract of a judgment was void because certified to by the successor of the justice who rendered it in the very words of the statute, as in the case at bar, the result being that the certificate, literally construed, seemed to mean that the judgment was rendered by the officer signing it, instead of by his predecessor. The reasoning of the dissenting opinion of Judge Garver in that case presents a strong argument against the position taken by the majority of the court. But it is unnecessary to consider in detail the various attacks upon the proceedings by which a formally sufficient abstract was finally placed upon record, or the effect upon an outstanding execution of a correction of the abstract. The original judgment being void,

subsequent defects, however serious in themselves, can add nothing to the force of plaintiff's contention.

The petition contained no allegation that plaintiff did not owe the debt upon which the judgment was rendered, and the trial court doubtless construed the testimony on this point as a substantial admission of the justice of the original claim. The question therefore presented is whether, under the circumstances stated, even a void judgment can be enjoined without a showing, or at least a *bona fide* claim, of a meritorious defense. The conflict of authorities on this question is illustrated by the following quotations:

"According to some decisions, the issuance of the injunction is not dependent upon the question whether the complainant shows a defense to the action wherein the judgment is sought to be enjoined. The great weight of authority, however, is to the contrary. Equity will not interfere to relieve against a judgment obtained without service of process, unless the judgment defendant has a meritorious defense to the action in which such judgment was obtained. A condition precedent required by courts of equity before they will enjoin the execution of such judgment is that if relief is granted, a different result will be attained than that already decreed by the void judgment."

"The applicant for an injunction must go further and show both in averment and proof that he had and has a defense good in law, and in what that defense consists. The court must be put in possession of the facts, where the sufficiency of the defense is an indispensable element of the issue." (16 A. & E. Encycl. of L., 2d ed., 386, 387.)

"A distinction between void and voidable judgments for purposes of equitable relief is drawn by many of the cases. A bill which alleges matters amounting only to errors and irregularities in obtaining jurisdiction does not state a ground for relief. On the other hand, where it appears from the bill that the judgment is wholly void for want of jurisdiction over per-

son or subject-matter, or for other reasons, a good cause of action exists in some states on that ground alone.   In these states allegations which show a defense to the indebtedness, and which negative the existence of a remedy at law, are immaterial.''

''The contrary doctrine, however, seems more in accord with the nature of equitable jurisprudence, which takes cognizance of the acts of the person rather than of the defects in a law judgment.   Where it obtains, a bill grounded only on the invalidity does not state a cause of action, but the complainant is left to his remedy at law.   That a bill may be sufficient, additional facts must be alleged from which it appears that the complainant has a meritorious defense to the action, and is without legal remedy through no negligence or fault on his part.   It must also appear that, in fact, no notice of the action was had in time to move at law.''   (11 Encyc. of Pl. & Pr. 1200, 1203.)

''The execution of a judgment may not be enjoined simply because no sufficient summons was served, unless it is shown that the defendant had a defense, in whole or in part, to the judgment rendered.   Some cases hold that, in cases where no process at all has been served on the defendant, the collection of the judgment may be enjoined without showing a defense to the original action, but a large preponderance of the authorities hold that, notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result, upon a subsequent trial, will be other than, or different from, that already reached; or, in other words, that there was a defense to the action, either entire or partial.   (Freem. Judg. § 489, and cases cited.)   The general principle as laid down in High on Injunctions, section 114, is that it must be shown to be against good conscience to execute the judgment sought to be enjoined.''   (*Tootle v. Ellis*, 63 Kan. 422, 424, 65 Pac. 675, 88 Am. St. Rep. 246.)

See, also, *Kendall v. Smith*, ante, page 90, 72 Pac. 543, and cases there cited.

As indicated by these citations, the weight of author-

ity supports the proposition that in order to enjoin the enforcement of a void judgment plaintiff must show a valid defense, although there are many well-considered cases holding the contrary. In some states there are special variations of the rule. For instance, a plaintiff seeking relief against a void judgment in Iowa need not allege that he does not owe the debt, but if he admits that he does owe it he is denied relief. (*Henkle v. Holmes*, 97 Iowa, 695, 66 N. W. 910.) In Colorado he must plead that the claim against him is unjust, thereby showing his good faith, but he is not required to prove it, nor may the defendant traverse it. (*Wilson v. Hawthorne*, 14 Colo. 530, 24 Pac. 548, 20 Am. St. Rep. 290.) Distinctions are also made based upon the character of the original demand—whether liquidated or unliquidated—and upon the question whether the judgment defendant had actual notice of the proceedings against him. In Illinois the matter is controlled by legislation, yet the courts follow the general rule upon principle, apart from the statute. (*Rogan v. Eads*, 101 Ill. App. 509.)

In each of the Kansas cases above cited the judgment attacked was held only voidable—not actually void. Therefore it was not necessary to the determination of either that it should be decided whether under any circumstances a judgment could be enjoined without a showing of a meritorious defense. Nor is such a decision necessary here. While the judgment involved is void because the justice lost jurisdiction, the invasion of the defendant's rights in the matter was not as flagrant as though a judgment had been rendered without any pretense of service. He was regularly brought into court, but when the justice failed to be present at the time set he availed himself of the oversight, under the protection of a principle

that although sound was somewhat technical, and thereafter paid no attention to the matter. Inquiry would readily have revealed to him the fact that a continuance of the case had been entered, good upon its face but ineffective in law because made after the loss of jurisdiction. He is not in the attitude of one against whom a judgment has been rendered without color of service and without any opportunity, in fact, by any exercise of diligence, to have had a hearing upon the merits. A somewhat similar distinction is discussed in connection with the general question involved in *Massachusetts Benefit Life Ass'n v. Lohmiller*, 74 Fed. 23, 27, 28, 20 C. C. A. 274, a suit to enjoin the enforcement of a judgment rendered without valid service. It was there said :

"If it be conceded that the complainant was not properly served, and that the judgment was voidable, or even void, that condition is not of itself sufficient to warrant interference ; but an equity must be presented, aside from that bare circumstance, showing that the injured party was without knowledge, was taken by surprise, and had no opportunity, in fact, to obtain a hearing. So far as appears from the allegation of this bill, the complainant may have possessed full and timely information of all the proceedings, but refrained from making any motion, relying upon the assumed defect, and, if such were the fact, the remedies are legal only. Neglect of the opportunity which was then open for a hearing would bar equitable relief. . . . The bill is silent in another respect, of which these principles of equity generally require clear expression before relief can be extended. There is no impeachment of the cause of action upon which the judgment was rendered, nor suggestion of defense in whole or in part ; and, for all that appears in the record, the policy of life insurance referred to in the bill, and set out in the answer, is an undisputed and matured obligation against the complain-

ant, and justly enforceable as adjudged. If that is the true situation, interference would serve only 'the unworthy purpose of delaying, vexing and harassing suitors at law in the prosecution of their just demands,' so pertinently denounced in *Truly v. Wanzer*, supra, 12 L. Ed. 88. The rule is invariable that equity will not enjoin a judgment procured through fraud or artifice unless the complainant can 'aver and prove that it had a good defense upon the merits.' . . . The authorities are not in unison in holding the same rule where the judgment was obtained without service of process, and where the defendant had no opportunity to be heard. In some jurisdictions it is maintained that the defendant will not be required to show a good defense in such case, the judgment being void, and the reasons therefor are variously stated, namely, that 'there is no presumption in favor of the judgment creditor,' and 'neither reason nor sound policy will require a defendant so imposed upon to try the merits of the cause on a petition in chancery to set aside the judgment'; 'that the injury of which he justly complains is that a judgment was rendered against him without notice and without defense.' (*Blakeslee v. Murphy*, 44 Conn. 188; *Ridgeway v. Bank*, 11 Humph. 523; *Bell v. Williams*, 1 Head. 229; *Finney v. Clark*, 86 Va. 354, 10 S. E. 569.) And in *Dobbins v. McNamara*, 113 Ind. 54, 14 N. E. 887, 13 Am. St. Rep. 626, and *Magin v. Lamb*, 43 Minn. 80, 44 N. W. 675, 19 Am. St. Rep. 216, the same view is held, but apparently grounded upon the rule which there governs in the law courts to open such judgments without inquiry into the merits. The preponderance of authority in the state courts is, however, the other way, and upholds the rule 'that equity will not interfere until it appears that the result will be other or different from that already reached' (citing cases). . . . 'No such exception to the general rule appears to have found recognition in the practice of the federal courts, and its incorporation would not harmonize with the principle that equity will not enforce rights upon grounds which are wholly legal or

True v. Mendenhall.

technical, nor grant an injunction to stay proceedings at law merely on account of any defect of jurisdiction of the court.' (2 Story, Eq. Jur. § 898.) For the purposes of the case at bar, it is not necessary to determine whether a showing of meritorious defense may not, under some circumstances, be dispensed with where the judgment was obtained without service, notice, or color of right, as it would even then be discretionary with the court to require it before granting an injunction. But the exercise of sound judicial discretion would exact it here, for the reason that there was at least color of claim that due service had been made, that the complainant had notice, and that the cause of action is founded on a liquidated and *prima facie* demand."

We hold that under the circumstances of this case plaintiff was not entitled to an injunction, for the reason that he not only failed to plead that he had a meritorious defense, but by his oral testimony justified a finding by the trial court that he in fact made no *bona fide* claim of a defense.

But plaintiff in error further contends that at all events he was entitled to a decree quieting title to his real estate against the apparent lien of this void judgment, because this is a remedy given him by statute (Code, § 594, Gen. Stat. 1901, § 5081), and therefore not subject to the equitable principle invoked by defendant. We do not think this contention sound. Although authorized by statute, this action is still an equitable one. The statute merely provides that under certain circumstances an action to quiet title may be maintained against claims that could not otherwise be barred by a decree because not constituting clouds, and that in such cases the pleading may be general. An injunction against an illegal tax is a statutory action (Code, § 253, Gen. Stat. 1901, § 4700), and yet the relief explicitly given by the statute is only avail

able after a compliance with the rule of equity that the amount admitted to be due must be tendered. (*Wilson, Treas., v. Longendyke*, 32 Kan. 267, 4 Pac. 361. See, also, *Pritchard v. Madren*, 24 id. 486.)

The judgment is affirmed.

. All the Justices concurring.