FRANK O'NEIL, *Appellant*, v. W. A. EPPLER, *Appellee.*
No. 18,322.

SYLLABUS BY THE COURT.

1. PROCESS—*Returned as Served "at Usual Place of Residence"* —*Void Under the Facts.* The statutory definitions of the terms "residence" and "usual place of residence" applied to the facts, and held that the service of a summons returned as served at the appellant's usual place of residence was void.

2. JUDGMENT—*Void for Want of Service—Injunction—Pleadings—Evidence.* In an action to enjoin the execution of a money judgment void for want of any service the plaintiff is not required to plead in detail and fully prove a meritorious defense to the cause of action upon which the judgment was founded. It is sufficient that he satisfy the court by a fair showing that he is not simply delaying justice by compelling the adverse party to resort to regular procedure.

Appeal from Ellis district court. Opinion filed July 5, 1913. Reversed.

*Edwin L. O'Neil, E. C. Warfel,* both of Topeka, and *H. L. Pestana,* of Hays, for the appellant.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one to enjoin the execution of a money judgment rendered against the plaintiff, O'Neil, and in favor of the defendant, Eppler. The relief prayed for was denied and the plaintiff appeals.

The judgment which was assailed rests upon a summons issued by a justice of the peace of Ellis county and returned by a constable as served on July 5, 1910, by leaving a copy at the usual place of residence of the plaintiff with his wife. The copy was in fact left at the residence of one Morton in the city of Ellis, and the contention was that the Morton house was never the residence or usual place of residence of either the plaintiff or his wife.

O'Neil v. Eppler.

The plaintiff and his wife formerly resided in their own house in Ellis. In February, 1909, they sold this house but rented it from the purchaser and continued to occupy it until September, 1909. The plaintiff then went to Parsons where he secured employment in a hardware store, and his wife went to the country to teach a school some seven miles from Ellis. They stored their household goods at the Morton house, the consideration being that the Mortons should have the use of the piano. In February, 1910, the plaintiff became the representative of a threshing machine company and established headquarters at Smith Center, his territory comprising several northern counties not including Ellis. On the last of June or the first of July, 1910, he rented two rooms in a house in Smith Center, paying the rent in advance for July. On the first or second of July his wife joined him and they kept house, doing light housekeeping and sometimes taking their meals out, until the latter part of August, when the plaintiff's company sent him to Canada. His wife went to Hiawatha and that winter taught school in Brown county. Since September, 1909, the plaintiff has not resided in Ellis county and previous to the pretended service of summons on July 5, 1909, was never in the Morton house. Before going to Smith Center Mrs. O'Neil stayed at the Morton house for a number of days packing the goods for shipment and she did sewing for Mrs. Morton for about a week, but she did not make Morton's her home and was not there on the 5th day of July. She did not take the household goods with her when she went to Smith Center although they were boxed for shipment, except the piano, because it was then uncertain whether or not her husband would be called away on his company's business.

The trial court found generally for the defendant without indicating its views as to either the facts or the law, and the defendant has not seen fit to aid the court

either by brief or oral argument. The statute reads as follows:

*"Twenty-third.* The term 'residence' shall be construed to mean the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning. When a person eats at one place and sleeps at another, the place where such person sleeps shall be deemed his residence.

*"Twenty-fourth.* The terms 'usual place of residence' and 'usual place of abode,' when applied to the service of any process or notice, shall be construed to mean the place usually occupied by a person. If such person have no family, or do not have his family with him, his office or place of business, or if he have no place of business, the room or place where he usually sleeps shall be construed to be such place of residence or abode." (Gen. Stat. 1909, § 9037.)

It is quite clear that the plaintiff had no residence, usual or otherwise, at the Morton house in Ellis at any time. He did not adopt it as his place of habitation in any sense of the word. His wife's presence there was for transient and temporary purposes only, and the place was not the settled abode of either of them where they intended to remain permanently even for a time or to which they expected to return to live when absent. In the light of the statute Smith Center was the plaintiff's residence from the time he established headquarters there, in February, 1910, until after the summons was returned, and while his wife was with him the rented house in Smith Center was his usual place of residence.

The plaintiff claimed in his petition a meritorious defense to the cause of action upon which the judgment was founded. The paragraph of the petition stating this claim was in effect stricken out (a so-called demurrer to it by the defendant was sustained), probably because it was regarded as too general in its allegations, but this court regards it as sufficiently specific for the purpose for which it was inserted. The service upon

which the judgment rested was a nullity, and the judgment was not merely voidable but was void. Under these circumstances there were no equities in favor of the defendant, and the plaintiff was required to do no more than make a fair showing that he was not simply delaying justice by compelling the defendant to resort to regular procedure. He was not obliged to try out the merits of his defense in the injunction suit. (*True v. Mendenhall*, 67 Kan. 497, 73 Pac. 67.)

The plaintiff made an assertion of facts in his petition sufficient to satisfy the requirements which equity imposed upon him. After the paragraph in question was eliminated no further objection was made to the petition and the case was tried as if the only matter in issue were the validity of the judgment. Therefore the defendant can not in justice ask that the cause be remanded and that the plaintiff be called upon to prove what he stood ready to prove at the trial.

The judgment is reversed and the district court is directed to render judgment for the plaintiff.