No. 20,760.

A. B. HOPE, *Appellee,* v. LIZZIE J. BASHOR, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. JUDGMENT—*Motion to Set Aside—Service of Summons — Evidence.* The evidence held not to require the reversal of a finding that the place at which the sheriff left a copy of a summons was the residence of the defendant sought to be served.

2. SAME—*Summons—"Usual Place of Residence."* No error was committed in refusing to set aside a judgment in an action for the foreclosure of a real-estate mortgage, upon a motion made by one of the mortgagors after the sale of the property, on the ground that the return of the sheriff showing a service upon her by leaving a copy of the summons at her usual place of residence was false, because she had acquired another domicile some two weeks previously, where her evidence showed that her husband and a son, with whom the copy was left, were still working, eating and sleeping at such place, and no showing was made of any claim of the existence of a meritorious defense or partial defense to the action.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed February 10, 1917. Affirmed.

*Edwin Anderson,* of Council Grove, and *Frans E. Lindquist,* of Kansas City, Mo., for the appellant.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

MASON, J.: On April 30, 1915, A. B. Hope filed a petition for the foreclosure of a real-estate mortgage executed by Lizzie J. Bashor and J. C. Bashor, her husband. On the 3d of May following the sheriff made return of the summons, show-

ing service upon J. C. Bashor on May 1, by delivering a copy to him personally, and upon Lizzie J. Bashor on the same day, by leaving a copy at her usual place of residence. No appearance being made by either defendant judgment was rendered against both on June 21, 1915. An order of sale was issued on July 7, 1915, and the property was sold to the plaintiff on the 7th of August following, for substantially the amount of the judgment. On December 6, 1915, Lizzie J. Bashor appeared specially and moved to set aside the judgment and sale because she had not been "duly and legally summoned in said action according to law, or legally notified of the pendency thereof." On March 14, 1916, she filed an amended motion asking the same relief on the ground that no copy of the summons had been left at her usual place of residence, and that the judgment and the proceedings thereunder were void because in violation of the fourteenth amendment to the federal constitution, in that they deprived her of her property without due process of law. The motion was overruled, and she appeals.

The only evidence introduced was the oral testimony of Basil Bashor, the defendant's fifteen-year-old son, and Mrs. Bashor. The son testified that when the sheriff came with the summons he was starting a fire in a stove, preparatory to getting supper, in a house in which the family had resided until two weeks previously, and in which he and his father were "batching" all the time, while they were putting in a crop; that at this time all the furniture had been moved to another place, five miles away, where his mother was, with four other children, excepting a bed in which he and his father slept, a cook stove, a table and dishes to eat out of; that the sheriff handed him a copy of the summons and told him to give it to his mother when she came home; that he told the sheriff that they had moved, and that his mother was at the other place; that he never gave the copy of the summons to his mother, because he didn't think it was anything of any importance. The mother testified that the family had moved out of the house referred to, on the 14th of April; that in September she first learned of the suit having been brought, by reading a letter which had been written to her husband.

1. Although this evidence was not contradicted by any witness it does not follow that the court was required to accept it, or did so. The burden of proof was on the party attacking the truth of the sheriff's return. The statements of the son that he did not give her the copy of the summons, because he thought it of no importance, and of the mother that she only learned in September of the action having been brought, had sufficient elements of improbability to make their acceptance or rejection a fair matter for the trial court. From the evidence introduced it appeared that the family was in a state of transition, such that its members could have supported a colorable claim of residence at either place, difficult for an outsider to overcome. If the trial court had made a specific finding that the place where the service was made was at the time still the family domicile it could not be set aside on review as without support in the evidence. And such a finding must be presumed to have been made if necessary to sustain the judgment.

2. The matter, however, is affected by another. consideration. In this state an injunction will not be granted against a judgment, merely because it is void for want of a legal service of summons, without a showing that a claim is made in good faith that it is unjust as well as based upon an insufficient notice. (*True v. Mendenhall*, 67 Kan. 497, 73 Pac. 67; *O'Neil v. Eppler*, 90 Kan. 314, 133 Pac. 705.) And the same, or a more rigorous, requirement is exacted elsewhere, as a condition to such relief. (23 Cyc. 997; Note, 14 L. R. A., n. s., 213.) The reasons for refusing to enjoin a judgment without a showing that its justice is at least doubtful apply with equal force where its vacation is sought on the same ground by motion. An independent action brought to set aside a judgment is regarded in this state as a direct proceeding for the purpose. (*McNeill v. Edie, Sheriff, &c.*, 24 Kan. 108, 110.) Elsewhere it is sometimes classified as a direct, and sometimes as a collateral attack (23 Cyc. 1065), and the same is true of a motion made to set aside a judgment after the expiration of the term at which it was rendered (Note, 23 Am. St. Rep. 105, 106). That, however, is a mere matter of phraseology. The separate action, because it tenders a specific issue, defined by formal pleadings, to be determined upon a full and orderly

hearing, should be entitled to at least as favorable considera-
tion as a mere motion, to be heard rather summarily and per-
haps upon affidavits. Doubtless the requirement that he who
seeks an injunction against a judgment must show that he
believes it to be unjust originated in the notion that he who
invokes the aid of equity must comport himself in accordance
with good conscience. But under a practice which minimizes
forms and methods, and looks to the substance of things rather
than to the names by which they are known, a litigant who
asks the aid of a court in any way is bound to such conduct.
He may not by motion in a case which has proceeded to execu-
tion, any more than by a separate action, compel the setting
aside of a judgment the justice of which he does not question,
merely for the purpose of delay. The rule that an injunction
will not be issued against a judgment unless its justness is
challenged would be of little practical consequence if the result
sought could be accomplished by the filing of a motion. Here
it is admitted that the sheriff delivered a copy of the summons
to Mrs. Bashor's son at a house occupied by his father and
himself, which had been the family's residence until a short
time before, and had not been entirely abandoned as such.
The motion to set aside the judgment was made four months
after the sale, and over two months after Mrs. Bashor admits
she learned of the action. It was based on the assertion that
she had not been *legally* notified of the proceeding, and con-
veyed no intimation that she had not actually known of its
pendency, or that she claimed to have any defense. Her con-
duct was a practical admission of the existence of the indebt-
edness sued on, and justifies an inference of a studied pur-
pose to cause delay in the enforcement of the plaintiff's rights
by a belated raising of the question as to the sufficiency of the
service. Under these circumstances we think it clear that no
error was committed in refusing to disturb the judgment.

In *Hanson v. Wolcott,* 19 Kan. 207, it was said that a judg-
ment void for want of service may be set aside on motion at
any time, without advising the court of the existence of a
valid defense. And the usual rule is that no defense need
be shown in such a case. (Note, 18 L. R. A., n. s., 405.) What
was really decided in the Kansas case referred to, however,
was the inapplicability to an attack on a void judgment of the

provision of the code that "a judgment shall not be vacated on motion on petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered." (Civ. Code, § 602.) In that case, as well as in most of those cited in the note mentioned, the circumstances were materially different from those here presented. A distinction may well be made, and has been made, between a judgment which may be characterized as void because based upon an attempt at service which the law regards as insufficient, and one "rendered without color of service and without any opportunity, in fact, by any exercise of diligence, to have had a hearing upon the merits." (*True v. Mendenhall*, 67 Kan. 497, 503, 73 Pac. 67.)

The judgment is affirmed.