No. 30,211.

G. A. Bayha, *Appellee*, v. Dennis D. Doty et al., *Appellants*.

(7 P. 2d 103.)

Opinion filed January 30, 1932.

*Fred J. Evans*, of Garden City, for the appellants.

*Vincent G. Fleming* and *John C. King*, both of Liberal, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This was an action to quiet the title to the southwest quarter of section 21, in township 33, range 31, Seward county, Kansas.

The petition contained the usual allegations in such cases, including an allegation that the plaintiff and his grantors had been in the actual and exclusive possession claiming ownership to the real estate for more than fifteen years immediately preceding the filing of the action.

The defendants in their answer alleged that they were the owners of the real estate by virtue of a tax deed issued by the county clerk of Seward county on September 4, 1896, to Charles S. Hinchman, trustee, whose interest had been subsequently conveyed to the defendant. They also pleaded the statute of limitations. The case was tried to the court on an agreed statement of fact.

The land was conveyed by the government to Rolland F. Kirkpatrick November 1, 1887, whose title was subsequently conveyed to Frank R. Waters October 25, 1898. In 1901 a tax deed was issued by the county clerk to Joseph H. Clark, and on December 9, 1901, Frank R. Waters conveyed to Joseph H. Clark. Thereafter Clark conveyed to William F. Churchman, whose interest was, on May 10, 1906, conveyed to Ermina Holbert. The interest thus conveyed to Holbert was subsequently conveyed to the plaintiff. On the date of the conveyance to Holbert she took actual possession of the real property. "That plaintiff, G. A. Bayha, and his grantors have been at all times since the year 1906, in the actual possession

of the said real property, and that said plaintiff and his said grantors have at all said times claimed title thereto." ·

On September 4, 1896, a tax deed was issued by the county clerk of Seward county, conveying the land in question to Charles S. Hinchman, who subsequently and on November 4, 1907, conveyed his interest to the defendant, Dennis D. Doty. The tax deed was recorded in due time and plaintiff admits its validity at the time of its execution. The consideration for the deed, including subsequent taxes and interest at the date of the trial, amounted to $300.

The trial court, after listening to the evidence and the argument of counsel, took the case under advisement and afterwards filed a written opinion. In the course of the opinion the court said:

"It is specifically agreed by the parties that the tax deed issued in·1896, and herein referred to as tax deed number one, was and is a valid instrument. . .

". . . As I·recall the oral argument of counsel it was conceded by both parties that this second tax deed was void, and it was upon this theory that the case has been submitted and considered.

. . . . . . . . . . . . . . .

"Defendant makes no objection to plaintiff's title being quieted, provided he first pays to defendant Doty the taxes specified in the agreed statement. . .

. . . . . . . . . . . . . . .

". . . The agreed statement of facts goes no further than to say that the plaintiff and his grantors have been in the actual possession under claim of ownership, for the requisite period of time. I notice that the supplemental agreed statement of facts has been amended, since originally drawn, to strike out the words 'open, notorious and exclusive' immediately preceding the word 'possession,' and the word 'actual' used in place thereof. . . . I am assuming that notwithstanding the change by interlineation, the defendant does not desire to press this point, or intend to waive the same. Should I be in error in this assumption the matter can be taken care of and adjusted upon the motion for a new trial. . . ."

The court made a general finding in favor of the appellee and entered judgment barring the appellant from any interest in or lien upon the land in question.

It is contended by the appellant that the court erred in quieting the title of the appellee against the appellant without requiring as a condition to such relief that the appellee reimburse the appellant for taxes paid and interest accrued thereon.

The appellant in his brief devotes much of his argument to the question that the agreed statement of facts does not show that the appellee was in the open, notorious and exclusive possession of the real estate, and does not bring the case within the rule announced

by this court in the case of *Finn v. Alexander*, 102 Kan. 607, 171 Pac. 602. In view of the construction placed upon the agreed statement of facts by the trial court—and there is no indication in the record that this construction was questioned on the motion for a new trial—this court will adopt the finding made by the trial court that the appellee and his predecessors in title were in the actual, notorious, exclusive and adverse possession of the real estate, claiming title thereto from 1906 until the trial of this case, and decide the question as to whether the appellant is entitled to a lien for taxes and interest paid. It is also said in appellant's brief "this single point is the only matter the appellant will ask this court to review on this appeal."

The appellee claims title through adverse possession. It is clearly established that such possession was taken May 10, 1906, and continued for more than fifteen years prior to the date of the filing of this suit, and that such possession was actual, open and notorious, and under claim of title. Under such circumstances the appellee was vested with the title to the land, not only as against strangers, but also as against former owners thereof, as effectively as if there had been a formal conveyance. (*Freeman v. Funk*, 85 Kan. 473, 117 Pac. 1024, 46 L. R. A., n. s., 487; *Gildehaus v. Whiting*, 39 Kan. 706, 18 Pac. 916; 1 R. C. L. 689.)

The appellant's title is based on a tax deed issued November 4, 1896, which was valid in all respects. The valid tax deed vested in the grantee the absolute title to the property in fee (*Harris v. Curran*, 32 Kan. 580, 4 Pac. 1044) and in the absence of evidence to the contrary the grantee is presumed to have been in the possession of the land until possession was taken by the predecessors of the appellee.

The appellant contends that under the statute (R. S. 79-2506) he should be adjudged to be the holder of a lien for the full amount of all taxes paid on the land, with interest and costs. The difficulty with the appellant's contention is that the statute in question applies to void tax deeds and not to valid deeds vesting the grantee with the absolute title. .The statute was enacted for the purpose of aiding the state in the collection of taxes and to protect one who purchases a tax deed which may be void by reason of some defect in the deed or the proceedings supporting it. It was never intended to benefit a party who had obtained a good and valid tax deed and afterwards permitted it to become valueless by his own laches.

(*Smith v. Smith,* 15 Kan. 291; *Corbin v. Bronson,* 28 Kan. 532; *Mitchell v. Lines,* 36 Kan. 378, 13 Pac. 592.) It is clear from the record in this case that the appellant's title did not fail by virtue of any defect in the tax deed or the proceedings supporting it, but that he lost his title through laches.

It is further argued by the appellant that the appellant is entitled to an equitable lien for the reason that it is inequitable to permit the appellee to quiet his title without first paying to the appellant the taxes paid by him when the tax deed was issued. It is true that although a quieting-title action is authorized by the statute it is still an equitable one. (*True v. Mendenhall,* 67 Kan. 497, 73 Pac. 67.) This court, however, has definitely laid down the rule that there are no equities in favor of a tax deed holder as against the owner of the land. His rights are purely statutory. (*Harris v. Defenbaugh,* 82 Kan. 765, 109 Pac. 681.) Equity follows the law. It aids the vigilant, not the indolent. The appellant has had the full protection of the statute. His tax deed failed not by reason of any failure on the part of the taxing authorities, but by his failure to protect the title which the deed vested in him. There is nothing in this case to invoke the aid of equity.

The judgment is affirmed.