No. 33,080

THE VICTORY LIFE INSURANCE COMPANY, *Appellee* and *Cross-appellant,* v. ARCH FREEMAN and GRACE FREEMAN, *Appellants.*

(65 P. 2d 559)

Opinion filed March 6, 1937.

*George McGill, H. C. Castor, Victor J. Rogers, Eli Eubanks, Harold Irwin, Oliver Witterman,* all of Wichita, for the appellants.

*Ralph T. O'Neil, John D. M. Hamilton, Barton E. Griffith,* all of Topeka, and *J. Howard Wilcox,* of Anthony, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This controversy arose out of the foreclosure of a mortgage on land in Harper county, Kansas. The appeal is from certain orders of the court in overruling motions by appellant and sustaining motions by appellee. The cross-appeal is from an order of the court extending the period of redemption.

It appears that on June 12, 1934, the plaintiff filed its amended petition asking foreclosure of a mortgage on 680 acres of land in Harper county given by Arch Freeman and Grace Freeman, his wife, to the Pioneer Mortgage Company, and which was thereafter duly assigned to the plaintiff, the Victory Life Insurance Company. The prayer was for judgment for $10,200, with interest and costs, and that the land be sold and the proceeds applied to the payment of the costs, taxes, the principal and interest due the plaintiff, and that the balance, if any, be paid into court to abide its further orders.

The answer and cross petition of the Pioneer Mortgage Company alleged that it held a second mortgage on which there was due $500 and accrued interest and that the same was subject to the mortgage of plaintiff.

The journal entry of the judgment entered on November 8, 1934, recited a judgment for $15,927 with interest in favor of plaintiff, ordered the property to be sold, and that the proceeds be applied· as above recited. On December 24, 1934, sale was made by the sheriff to the Victory Life Insurance Company for $16,304.12 and the sale was confirmed by the court on January 14, 1935.

On September 25, 1935, the defendants filed their motion in which they allege that through inadvertence and oversight there was an error in the amount of the judgment entered on November 8, 1934, that the same should be corrected to speak the truth and should be amended and changed to $13,024.81.

On October 10, 1935, the plaintiff filed its motion, in which error in the amount of the judgment was recited and asking the court to make an order fixing the amount for which the defendant owners might redeem the real estate from said sale at $12,877.60, less $280, being the true amount due the plaintiffs.

On October 28, 1935, the defendants filed another motion asking for a *nunc pro tunc* order correcting the judgment of November 8, 1934, asking that the same be amended and changed to $12,541.13. This motion was in place of the former motion of September 25, 1935, which had been withdrawn on account of an error in the calculation.

On October 28, 1935, the defendants filed their motion asking the court to make an order directing the plaintiff to pay into court the sum of $3,416.42, being the difference between plaintiff's bid for the land at the sale and the true amount of the judgment.

On the hearing of the motions the following stipulations of the parties were entered into:

"It is agreed by the plaintiff and the defendants, Arch Freeman and Grace Freeman, his wife, that the mortgage indebtedness as properly computed as of November 8, 1934, the date the judgment was entered herein, would have been $13,024.83 if computed from the note. That on August 14, 1934, and prior to the date of judgment, plaintiff received for and on account of the defendants the sum of $483.70, which amount was and should be a credit upon the total amount due the plaintiff on the mortgage indebtedness; that that sum was through error and inadvertence not credited for the reason that the information thereof through oversight was not conveyed to plaintiff's attorneys; that deducting the sum of $483.70 from the sum of $13,024.83 leaves a balance of $12,541.83 as the correct amount due on the mortgage indebtedness on November 8, 1934, the date of judgment. That pursuant to the order of sale issued out of this court the real estate was advertised and sold to the plaintiff on December 24, 1934, for $16,304.12. That the bid of the plaintiff

was the full amount of the judgment, interest, taxes and costs—using the judgment of the court as entered on November 8, 1934. That had the judgment been entered upon the correct amount of the mortgage indebtedness as computed, and had the plaintiff bid at that time the full amount of the judgment, interest, taxes, it would have been $12,877.60. That on May 6, 1935, the plaintiff further received for and on account of the defendants, Freeman, the sum of $280 for which no record credit has been made."

It was further stipulated as follows:

"It is stipulated and agreed between the plaintiff and the defendants, Freeman, that the trial docket No. 35 of the October, 1934, term of the district court of Harper county, Kansas, page 206, contains the following notations and the following minutes: '7876, *Victory Life Ins. Company v. Arch Freeman et al.,* O'Neal & Hamilton, J. Howard Wilcox, attorneys. Date of issue 6-5-34, 11-8-34. Service by Pub approved. Findings and judgment for plaintiff as prayer—per journal entry and $15,' and that the $15 referred to is the fee allowed by the court to the guardian *ad litem."*

On November 7, 1935, the court ruled on said pending motions as shown by the journal entry:

"Whereupon, said defendants withdrew their motion *nunc pro tunc* to correct the judgment to speak the truth, which was filed herein on September 25, 1935.

"Whereupon, the matter proceeded upon the motion of the plaintiff to fix the amount for which redemption shall be made, which motion was filed on October 10, 1935, and upon the two motions of said defendants filed herein on October 28, 1935, for an order *nunc pro tunc* to correct the judgment to speak the truth and for order asking plaintiff to pay into court the sum of $3,416.42. Whereupon evidence was introduced and said motions argued to the court.

"The court, having heard the evidence, arguments and statements of counsel and being fully advised in the premises, finds that the motions of said defendants are not well taken and should be overruled.

"The court further finds that the offer of the plaintiff to accept, in redemption of the real estate, the sum of $12,877.60 with interest thereon at the rate of ten percent per annum from December 24, 1934, the date of sheriff's sale, was made on or about October 1, 1935.

"And the court further finds that it would be just and equitable to order and allow said defendants eighteen months from and after October 1, 1935, for redemption of said real estate for said amount.

"It is, therefore, by the court considered, ordered and adjudged, that the two motions of said defendants, Arch Freeman and Grace Freeman, his wife, be and the same are hereby overruled.

"It is further by the court ordered and adjudged that the motion of the plaintiff be sustained, and that the defendants, Arch Freeman and Grace Freeman, his wife, be and they are hereby given and granted a period of eighteen months from and after October 1, 1935, within which to redeem the real estate involved in this action for the sum of $12,877.60 with interest thereon at the

rate of ten percent per annum from December 24, 1934, the date of sheriff's sale herein, to date of redemption."

The first point urged by appellants is that the court erred in over-ruling the motion to correct the journal entry of the judgment to conform to the judgment which was in fact rendered. We think this motion should have been sustained. It was conceded by both par-ties in their stipulation that through error and inadvertence the jour-nal entry did not show the true amount of the judgment rendered. The power to correct an erroneous journal entry to speak the truth has often been declared by this court. (*Morris v. Bunyan,* 58 Kan. 210, 48 Pac. 864; *North American Life Ins. Co. v. Dyatt,* 121 Kan. 873, 250 Pac. 284; *Edinburgh Lombard Inv. Co. v. Walsh,* 70 Kan. 899, 79 Pac. 688; *State, ex rel., v. City of Stafford,* 99 Kan. 265, 161 Pac. 657.) The power to enter judgments, decrees and orders *nunc pro tunc* is said to be inherent in the courts, both in law and equity, and is not dependent for its existence upon any statute. (1 Freeman on Judgments, 5th ed., p. 221.)

But it does not follow that because the journal entry should be corrected to speak the truth that the plaintiff should be compelled to pay into court the excess of the amount bid over the amount actu-ally due as shown by the corrected record. The distinction is be-tween the judgment itself and the mere evidence of the judgment. A judgment is the final determination of the rights of the parties in an action. (G. S. 1935, 60-3101.) The judgment is the decision of the court. It may or may not be correctly spread of record in the journal entry. A judgment itself is beyond the power of the court to amend or correct after the expiration of the term of court at which it is rendered. If, however, the journal entry does not cor-rectly show the judgment as rendered by the court—that is, if by clerical error or inadvertence the record does not speak the truth, then the court may by a *nunc pro tunc* order correct the same.

Here the purchaser at the sale was the plaintiff, and no third per-son is before this court claiming his rights will be prejudiced by any action taken in these proceedings. The plaintiff has offered to do equity by suggesting the defendants should be allowed to redeem by payment of the true amount of the judgment with interest. This order was made by the court below and as it inured to the advan-tage of the defendants, it gives defendants all they could in equity and good conscience demand. It must be remembered that the bid of the plaintiffs at the sale was the amount of the judgment. The

judgment having been corrected and the amount fixed for redemption by the defendants correspondingly reduced, it would seem that justice had been done to the plaintiff; neither have the defendants suffered injury. A *nunc pro tunc* order is made to subserve the purposes of justice and not to do an injustice.

We are further of the opinion that the order extending the time of redemption for eighteen months from October 1, 1935, is fair and equitable under the circumstances.

It is therefore ordered that the judgment of the trial court in overruling the motion of defendants in which they ask that the journal entry be corrected to speak the truth is disapproved. The judgment of the trial court in overruling the motion of defendants in which they ask that the plaintiff pay into court the excess in amount of plaintiff's bid over the amount found to be actually due by the record as corrected, is affirmed. The judgment of the court in sustaining the motion of plaintiff to fix the amount plaintiff shall accept in redemption of the real estate sold is affirmed. The order of the court extending the time of redemption for eighteen months from October 1, 1935, is affirmed.