No. 33,417

KATHRINE FITZHUGH, *Appellant,* v. THE CENTRAL TRUST COMPANY, THE FIRST NATIONAL BANK OF WINFIELD and M. F. JARVIS, *Appellees.*

(72 P. 2d 959)

Opinion filed November 6, 1937.

*William L. Cunningham, D. Arthur Walker, F. G. Leach, William E. Cunningham,* all of Arkansas City, *John Madden* and *John Madden, Jr.,* both of Wichita, for the appellant.

*Harry O. Janicke, Ellis Fink,* both of Winfield, *Dean McElhenny* and *Philip C. Gault,* both of Topeka, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from the ruling of the trial court sustaining a demurrer to the petition, and the journal entry of such ruling states two grounds upon which the demurrer was sustained: First, because the plaintiff had appeared and had her day in court in the action in which she complains of the judgment rendered therein; and second, for the reason that she does not plead nor allege in her petition that she has any legal defense to the indebtedness upon which the judgment was rendered and sale had.

The action was one in equity to vacate, set aside and hold for naught the proceedings in a certain foreclosure action commenced in Cowley county on March 9, 1934, by the Central Trust Company against Kathrine Fitzhugh and other owners of a large tract of land in that county, in which action there were other defendants, including the First National Bank, of Winfield, Kan., and to enjoin and

restrain the First National Bank and one M. F. Jarvis, its president, from selling or disposing of the real estate described in said foreclosure proceeding.

The petition in this action alleged that plaintiff was a nonresident of the state of Kansas when the foreclosure suit was commenced and was served therein only by publication, which she alleged to have been illegal and ineffective so as to make any judgment rendered thereon against her absolutely void. Plaintiff referred in detail to all the pleadings, documents and exhibits contained in the foreclosure action as a part of this action, including the petition, affidavit for publication, publication notice, cross petition of the First National Bank of Winfield, journal entry of judgment, sheriff's sale notice, proof of publication thereof, *nunc pro tunc* order and decree of confirmation of sheriff's sale. The petition alleged errors and defects in the sheriff's sale notice, many allegations of fraud on the part of the defendant bank and its president, and particularly the attempted modification and change of the journal entry of judgment by the *nunc pro tunc* order made on the day of the sheriff's sale.

In the counter abstract there are set out two motions, one to set aside the sheriff's sale made on July 9, 1934, and the other a motion for new trial, both of which were filed July 11, 1934, by attorneys who state below their names, which were signed to these papers, the names of four defendants, including this plaintiff. These two documents, apparently filed in her behalf, were doubtless the foundation for the first reason assigned by the trial court for sustaining the demurrer of the bank to plaintiff's petition, which reason assigned was that she had already had her day in court. Her petition was verified, and in it she stated that she made no personal appearance in the foreclosure action and authorized no person to make an appearance for her and that she had no knowledge of the commencement of the foreclosure action until sometime after January 3, 1935.

We think the first reason assigned by the trial court for sustaining the demurrer to the petition was questionable because for the purpose of the ruling upon the demurrer to the petition the allegations therein contained, which were verified by her, must be taken as true. The petition contained numerous allegations of fraud on the part of the First National Bank of Winfield and its president, but there was a serious scarcity of facts stated in the petition which would constitute the fraud alleged, and without a statement of facts and con-

duct from which a court can conclude there was fraud, the allegations, which were more nearly in the form of conclusions, will not be effective.

The question as to whether or not the petition fails to state a legal defense, which was the second reason assigned by the trial court for sustaining the demurrer, will require a detailed statement of the principal features and facts alleged in the petition concerning the foreclosure case and the relation of the plaintiff herein to the judgment rendered in the foreclosure case.

It is alleged that the plaintiff was the owner of a one-fourth interest in the 5,000-acre tract described in the foreclosure action, that the Central Trust Company held a note for $2,000, dated February 19, 1932, and signed by the plaintiff in this action and others, and a mortgage given by them on this large tract of land to secure the same. The trust company commenced its action March 9, 1934, to foreclose this note and mortgage. It obtained personal service on some of the defendants, but only publication service on the plaintiff in this action. It included among the defendants, the First National Bank of Winfield, and personal service was had on it. The bank filed its answer and cross petition on May 11, 1934, in which it set up a mortgage given by the plaintiff in this action and others on the land above mentioned on December 10, 1932, which referred to future advances to be made to the mortgagors, and attached as exhibit B to its cross petition copies of five notes, all given to the First National Bank at subsequent dates and by individuals who were defendants in the case. The one given by the plaintiff in this case was dated February 22, 1934, for $5,052.58, due on demand. All of these five notes amounted to about $80,000. The cross petition of the bank stated that none of these notes was due at the date it was filed, May 11, 1934, but the bank claimed to be entitled to a lien against the above-described lands and prayed for a lien and a right to redeem for the amount due it as a cross petitioner.

The mortgage provided that the failure to pay the taxes should cause the whole amount to become due and payable at once. When the judgment was rendered in favor of the trust company on May 24, 1934, for about $5,000, including taxes and interest, the court found the taxes were past due and unpaid by the owners. The amount was found due the trust company from the plaintiff in this action and the other defendants in the foreclosure action, and personal judgment was rendered against the defendants on whom per-

sonal service had been had, and the mortgage was foreclosed, making it a first lien upon the land. The journal entry stated that the court found that the First National Bank of Winfield had a second lien upon the real estate, but that the bank did not desire to foreclose its mortgage at that time but desired that its right of redemption as a junior lienholder should be protected, and after specifying the lien of the trust company as a first lien, ordered, adjudged and decreed that the defendant bank have a second lien upon the real estate (all subject to a prior mortgage for $40,000, about which there was, and is, no controversy). The journal entry concluded with the usual order about sheriff's sale and redemption, providing for the payment of costs, taxes, trust company's lien and balance to be paid into court for further determination.

The sheriff advertised the property to be sold on July 9, 1934, and on that day, before the sale, a *nunc pro tunc* order was made on request of the bank, finding the amount due the bank from the plaintiff in this action and rendering personal judgment against other defendants personally served for various amounts, enumerating the judgments as personal or in rem, respectively, and ordering the property sold to satisfy both liens. It was sold that afternoon as per sheriff's sale notice to the defendant bank for $33,000, and the sale was later confirmed and deed ordered to be issued after the expiration of the eighteen-month period of redemption.

Plaintiff in this action alleged that the bank has received a sheriff's deed to the land and is threatening to sell and dispose of it, and unless enjoined and restrained will do so to the great loss and damage of this plaintiff for which she would not have a plain and adequate remedy at law. The petition is full of alleged errors and mistakes made and wrongs done this plaintiff as a defendant in the foreclosure action, but that action and this one are both in equity, and what are the rights of each and all the parties? G. S. 1935, 60-3007, prescribes the usual and ordinary way of correcting errors and wrongs committed in the procedure of a civil action. Should the plaintiff be relieved of the usual and ordinary duties there prescribed? G. S. 1935, 60-3013, provides in part that—

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered; . . ."

Plaintiff was not deprived of the right of redemption, for her petition shows she learned of the pendency of the foreclosure action in

January or February, 1935, and the redemption period did not expire until January 9, 1936.

Plaintiff claims that the foreclosure judgment against her and others is void for lack of legal publication service, legal sheriff's sale notice and fraud of the cross petitioner, the First National Bank, and if the judgment was void for any of these reasons the attempt to set it aside under section 3009 of article 60 may be commenced at any time, but there is no question in this case as to the time limit. The question is, even if some of the proceedings in the foreclosure case were irregular and void, can the judgment rendered therein be set aside and enjoined unless there is a reasonable defense to that action? In *Hope v. Bashor*, 99 Kan. 804, 163 Pac. 463, it was said that—

"In this state an injunction will not be granted against a judgment merely because it is void for want of a legal service of summons, without a showing that a claim is made in good faith that it is unjust as well as based upon an insufficient notice." (p. 806.)

In *True v. Mendenhall*, 67 Kan. 497, 73 Pac. 67, it was held that—

"Equitable relief will not be granted against a justice's judgment, void for want of jurisdiction of the person of the defendant, without a showing, or at least a bona fide claim, of the existence of a meritorious defense against the promissory note which was the basis of the judgment. . . ." (Syl.)

In *Tootle v. Ellis*, 63 Kan. 422, 65 Pac. 675, it was said in the opinion that—

" . . . a large preponderance of the authorities hold that, notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result, upon a subsequent trial, will be other than, or different from, that already reached; or, in other words, that there was a defense to the action, either entire or partial." (p. 424.) (See, also, *O'Neil v. Eppler*, 90 Kan. 314, 133 Pac. 705, and *State Reserve Bank v. Daniels*, 142 Kan. 694, 51 P. 2d 1009.)

Plaintiff meets this issue on the theory that the petition sufficiently alleges fraud, and cites in connection therewith the following cases: *Pickens v. Campbell*, 98 Kan. 518, 159 Pac. 21; *Leslie v. Manufacturing Co.*, 102 Kan. 159, 169 Pac. 193; and *Miller v. Miller*, 107 Kan. 505, 192 Pac. 747. We have heretofore stated that we could not find in the petition enough facts concerning fraud to justify its being the ground for maintaining this action, and certainly under the authorities cited even a void judgment would not justify the maintenance of an action to set it aside or enjoin the use or disposal of the property unless there was stated in the petition a reasonable de-

fense to the action. The plaintiff nowhere states she did not sign the two notes and the two mortgages, one note and mortgage being given to the trust company and the other note and mortgage being given to the bank.

Even if the making of the *nunc pro tunc* order was going further than justified by our statutes and decisions and was therefore void—which we do not find that it was (*Victory Life Ins. Co. v. Freeman,* 145 Kan. 296, 65 P. 2d 559)—the petition was still insufficient and did not state a cause of action because of its failure to set out any defense whatever to the judgments and orders made by the court in the foreclosure case, which the plaintiff in this action seeks to set aside and enjoin. The demurrer was therefore properly sustained.

The judgment is affirmed.